**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LEOR KWELLER and ZOE LIBERMAN,

                 Plaintiffs,

   -against-

THE COUNTY OF BROOME, THE CITY OF
BINGHAMTON, DISTRICT ATTORNEY
MICHAEL A. KORCHAK, CHIEF
ASSISTANT DISTRICT ATTORNEY MARK
LOUGHRAN, ASSISTANT DISTRICT
ATTORNEY ALYSSA CONGDON,
ASSISTANT DISTRICT ATTORNEY
AMANDA CRONIN, DISTRICT ATTORNEY
INVESTIGATOR JEFF J. WAGNER,
BINGHAMTON POLICE DEPARTMENT
CHIEF JOSEPH ZIKUSKI, BINGHAMTON
POLICE DEPARTMENT CAPTAIN CORY
MINOR, BINGHAMTON POLICE
DEPARTMENT INVESTIGATOR AMANDA
MILLER, all in their individual capacities, and
JOHN DOES 1-10, representing Broome
County District Attorney's Office and Police
Department Employees Whose Names Are
Currently Unknown, HAILEY DEMKOVICH,
and SAMANTHA HERCEG.

                 Defendants.

**DEFENDANT**
**SAMANTHA HERCEG'S ANSWER**
**AND AFFIRMATIVE DEFENSES**

Civil Action No.: 3:25-cv-343 (ECC/ML)

        Defendant, Samantha Herceg, by and through her attorneys, Bousquet Holstein PLLC, as

and for her Answer, states as follows:

**PRELIMINARY STATEMENT**

        1.     DENIES the allegations contained in Paragraph 1 of the Complaint.

        2.     To the extent that the allegations set forth in Paragraph 2 of the Complaint contain

conclusions of law to which no response is required, Defendant refers such allegations to the Court.

To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO

FORM A BELIEF with respect to the allegations contained in Paragraph 2 of the Complaint.

3.     To the extent that the allegations set forth in Paragraph 3 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

4.     ADMITS the allegations contained in Paragraph 4 of the Complaint to the extent that the charges against Mr. Kweller were dismissed by the Hon. Carol A. Cocchiola on May 30, 2023.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

5.     DENIES the allegations contained in Paragraph 5 of the Complaint.

6.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 6 of the Complaint.

7.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 7 of the Complaint.

8.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 8 of the Complaint.

9.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 9 of the Complaint.

## **JURISDICTION**

10.     To the extent that the allegations set forth in Paragraph 10 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

11.    To the extent that the allegations set forth in Paragraph 11 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

## VENUE

12.    To the extent that the allegations set forth in Paragraph 12 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

## JURY DEMAND

13.    No response required for Paragraph 13 as it merely demands a rial by jury.

## PARTIES

14.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 14 of the Complaint.

15.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 15 of the Complaint.

16.    To the extent that the allegations set forth in Paragraph 16 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

17.    To the extent that the allegations set forth in Paragraph 17 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court.

To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

18.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 18 of the Complaint.

19.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 19 of the Complaint.

20.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 20 of the Complaint.

21.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 21 of the Complaint.

22.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 22 of the Complaint.

23.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 23 of the Complaint.

24.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 24 of the Complaint.

25.     DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 25 of the Complaint.

26.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 26 of the Complaint.

27.     ADMITS the allegations contained in paragraph 27 of the Complaint.

**STATEMENT OF FACTS**

**The Events of November 26-27, 2021**

28.     ADMITS the allegations contained in Paragraph 28 of the Complaint to the extent that Plaintiff was in Downtown Binghamton on November 26. 2021.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

29.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 29 of the Complaint.

30.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 30 of the Complaint.

31.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 31 of the Complaint.

32.     ADMITS the allegations contained in Paragraph 32 of the Complaint to the extent that to extent that this stranger was Herceg, who was at Dillinger's with some friends.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

33.     ADMITS the allegations contained in Paragraph 33 of the Complaint to the extent that Herceg went to Stone Fox at Jordan Rindgen's invitation and that Jordan Rindgen served Herceg alcohol even though she was only 19 years old.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

34.     ADMITS the allegations contained in paragraph 34 of the Complaint to the extent that Jordan Rindgen brought Herceg to his business office on Washington Street in Binghamton, New York.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

35.    ADMITS the allegations contained in paragraph 35 of the Complaint to the extent that that Herceg texted friends on a text group and Defendant Demkovich was a member of the text group.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

36.    ADMIT that Herceg took at least two photographs of Mr. Rindgen and sent them to the text group.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

37.    ADMITS the allegations contained in paragraph 37 of the Complaint to the extent that Herceg asked her friends to get her from the office on Washington Street.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

38.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 38 of the Complaint.

39.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 39 of the Complaint.

40.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 40 of the Complaint.

41.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 41 of the Complaint.

42.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 42 of the Complaint.

43.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 43 of the Complaint.

44.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 44 of the Complaint.

45.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 45 of the Complaint.

46.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 46 of the Complaint.

47.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 47 of the Complaint.

48.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 48 of the Complaint.

49.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 49 of the Complaint.

50.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 50 of the Complaint.

51.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 51 of the Complaint.

52.      LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 52 of the Complaint.

53.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 53 of the Complaint.

54.  LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 54 of the Complaint, which are vague and ambiguous.

55.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 55 of the Complaint.

56.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 56 of the Complaint.

57.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 57 of the Complaint.

58.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 58 of the Complaint.

59.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 59 of the Complaint.

60.     DENIES the allegations contained in Paragraph 60 of the Complaint.

61.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 61 of the Complaint.

62.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 62 of the Complaint.

63.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 63 of the Complaint.

64.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 64 of the Complaint.

65.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 65 of the Complaint.

66.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 66 of the Complaint.

67.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 67 of the Complaint.

68.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 68.

69.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 69 of the Complaint.

70.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 70 of the Complaint.

71.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 71 of the Complaint.

72.    DENIES the allegations contained in Paragraph 72 of the Complaint.

73.    ADMITS the allegations contained in Paragraph 73 of the Complaint to the extent that Herceg exchanged certain text messages with Defendant Demkovich and also with members of a group chat.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

74.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74 of the Complaint:

a. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.a. of the Complaint and STATES Herceg does not have full and complete copies of texts.

b. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.b. of the Complaint and STATES Herceg does not have full and complete copies of texts.

c. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.c. of the Complaint and STATES Herceg does not have full and complete copies of texts.

d. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.d. of the Complaint and STATES Herceg does not have full and complete copies of texts.

e. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.e. of the Complaint and STATES Herceg does not have full and complete copies of texts.

f. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.f. of the Complaint and STATES Herceg does not have full and complete copies of texts.

g. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.g. of the Complaint and STATES Herceg does not have full and complete copies of texts.

h. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.h. of the Complaint and STATES Herceg does not have full and complete copies of texts.

i. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.i. of the Complaint and STATES Herceg does not have full and complete copies of texts.

j. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.j. of the Complaint and STATES Herceg does not have full and complete copies of texts.

k. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.k. of the Complaint and STATES Herceg does not have full and complete copies of texts.

l. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.l. of the Complaint and STATES Herceg does not have full and complete copies of texts.

m. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.m. of the Complaint and STATES Herceg does not have full and complete copies of texts.

n. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.n. of the Complaint and STATES Herceg does not have full and complete copies of texts.

o. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.o. of the Complaint and STATES Herceg does not have full and complete copies of texts.

p. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.p. of the Complaint and STATES Herceg does not have full and complete copies of texts.

q. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.q. of the Complaint and STATES Herceg does not have full and complete copies of texts.

r. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.r. of the Complaint and STATES Herceg does not have full and complete copies of texts.

s. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.s. of the Complaint and STATES Herceg does not have full and complete copies of texts.

t. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.t. of the Complaint and STATES Herceg does not have full and complete copies of texts.

u. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.u. of the Complaint and STATES Herceg does not have full and complete copies of texts.

v. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.v. of the Complaint and STATES Herceg does not have full and complete copies of texts.

w. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.w. of the Complaint and STATES Herceg does not have full and complete copies of texts.

x. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.x. of the Complaint and STATES Herceg does not have full and complete copies of texts.

y. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.y. of the Complaint and STATES Herceg does not have full and complete copies of texts.

z. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.z. of the Complaint and STATES Herceg does not have full and complete copies of texts.

aa. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.aa. of the Complaint and STATES Herceg does not have full and complete copies of texts.

bb. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.bb. of the Complaint and STATES Herceg does not have full and complete copies of texts.

cc. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.cc. of the Complaint and STATES Herceg does not have full and complete copies of texts.

dd. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.dd. of the Complaint and STATES Herceg does not have full and complete copies of texts.

ee. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.ee. of the Complaint and STATES Herceg does not have full and complete copies of texts.

ff. LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 74.ff. of the Complaint and STATES Herceg does not have full and complete copies of texts.

75.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to allegations in Paragraph 75 of the Complaint and further STATES that Plaintiff failed to include full text messages referenced in Paragraph 74 above.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation in said Paragraph.

76.    ADMITS the allegations contained in paragraph 76 of the Complaint to the extent that Herceg reported she was raped, did not report "no" and that the New York State Police advised Herceg to contact the Binghamton Police Department.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

77.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 77 of the Complaint.

78.    ADMITS the allegations contained in paragraph 76 of the Complaint to the extent that Herceg was interviewed.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

79.    DENIES the allegations contained in Paragraph 79 of the Complaint.

80.    DENIES the allegations contained in Paragraph 80 of the Complaint.

81.     DENIES the allegations contained in paragraph 80 of the Complaint to the extent that Plaintiff alleges that the sex was consensual. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

82.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 82 of the Complaint.

83.     DENIES the allegations contained in paragraph 83 of the Complaint to the extent that Plaintiff alleges that Herceg intentionally deleted texts.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

84.     DENIES the allegations contained in Paragraph 84 of the Complaint.

85.     ADMITS the allegations contained in paragraph 85 of the Complaint to the extent that neither Defendant Miller nor anyone from BPD advised Herceg or Defendant Demkovich to preserve their electronic data.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

86.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 86 of the Complaint.

87.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 87 of the Complaint.

88.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 88 of the Complaint.

89.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 89 of the Complaint to the extent that Herceg has not reviewed

the content of the camera footage referenced in said paragraph.  Defendant further DENIES any allegation that she was cognizant and in control of her action as alleged in said Paragraph. Defendant DENIES each and every other allegation in said Paragraph.

90.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 90 of the Complaint.

91.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 91 of the Complaint

92.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 92 of the Complaint.

93.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 93 of the Complaint.

94.    ADMITS the allegations contained in Paragraph 95 of the Complaint to the extent that she was never shown the footage from the Colonial.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation in the Complaint as they are vague and imprecise/unclear.

95.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 95 of the Complaint.

**Despite the Lack of Any Credible Evidence Supporting Defendant Herceg and Defendant Demkovich's False Allegations, the Allegations are Leaked to the Public, Resulting in a Frenzy of Rapidly Proliferating Lies, Destroying Plaintiff's Reputation and Livelihood**

96.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 96 of the Complaint.

a.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 96.a. of the Complaint.

b.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 96.b. of the Complaint.

c.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 96.c. of the Complaint.

d.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 96.d. of the Complaint.

e.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 96.e. of the Complaint.

97.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 97 of the Complaint.

98.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 98 of the Complaint.

99.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 99 of the Complaint.

100.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 100 of the Complaint.

101.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 101 of the Complaint.

102.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 102 of the Complaint.

103.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 103 of the Complaint.

      a.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 103.a. of the Complaint.

      b.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 103.b. of the Complaint.

      c.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 103.c. of the Complaint.

      d.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 103.d. of the Complaint.

      e.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 103.e. of the Complaint.

      f.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 103.f. of the Complaint.

104.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 104 of the Complaint.

105.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 105 of the Complaint.

106.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 106 of the Complaint.

107.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 107 of the Complaint.

108.    DENIES the allegations contained in Paragraph 108 of the Complaint to the extent that Plaintiff alleges that Herceg continued to refuse consensual access to Herceg's phone by BPD and BCDAO.  Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of each and every allegation other contained in said Paragraph.

109.    DENIES the allegations contained in paragraph 109 of the Complaint to the extent that Plaintiff alleges that Herceg refused to consent to an extraction of electronic data from Herceg's cellular phone. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

110.    DENIES the allegations contained in Paragraph 110 of the Complaint.

111.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 111 of the Complaint.

112.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 112 of the Complaint.

113.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 113 of the Complaint.

114.    ADMITS the allegations contained in Paragraph 114 of the Complaint.

115.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 115 of the Complaint.

116.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 116 of the Complaint.

117.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 117 of the Complaint.

      a.      LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 117.a. of the Complaint.

      b.      LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 117.b. of the Complaint.

      c.      LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 117.c. of the Complaint.

      d.      LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 117.d. of the Complaint.

      e.      LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 117.e. of the Complaint.

118.    DENIES the allegations contained in paragraph 118 of the Complaint to the extent that Plaintiff alleges that Herceg refused to consent to an extraction of electronic data from Herceg's phone or electronic data.  LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

119.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 119 of the Complaint.

120.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 120 of the Complaint.

121.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 121 of the Complaint.

122.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 122 of the Complaint.

123.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 123 of the Complaint.

124.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 124 of the Complaint.

125.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 125 of the Complaint.

**Mr. Kweller Is Arrested Without Probable Cause**

126.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 126 of the Complaint.

127.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 127 of the Complaint.

128.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 128 of the Complaint.

129.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 129 of the Complaint.

130.    To the extent that the allegations set forth in Paragraph 136 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

131.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 131 of the Complaint.

132.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 132 of the Complaint.

133.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 133 of the Complaint.

134.    To the extent that the allegations set forth in Paragraph 134 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

135.    To the extent that the allegations set forth in Paragraph 135 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

136.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 136 of the Complaint.

137.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 137 of the Complaint.

138.    ADMITS the allegations contained in Paragraph 138 of the Complaint to the extent that Herceg lacks clear memory of the events alleged in the Complaint and that she did not make specific allegations against Plaintiff but DENIES each and every other allegation in said Paragraph.

39.     To the extent that the allegations set forth in Paragraph 139 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

140.     To the extent that the allegations set forth in Paragraph 140 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

141.     To the extent that the allegations set forth in Paragraph 141 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

142.     To the extent that the allegations set forth in Paragraph 142 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

143.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 143 of the Complaint.

144.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 144 of the Complaint.

a.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 144.a. of the Complaint.

b.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 144.b. of the Complaint.

c.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 144.c. of the Complaint.

145.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 145 of the Complaint.

146.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 146 of the Complaint.

147.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 147 of the Complaint.

148.    DENIES the allegations contained in paragraph 148 of the Complaint to the extent that Plaintiff alleges that Herceg's allegations were false. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

149.    DENIES the allegations contained in paragraph 149 of the Complaint to the extent that Plaintiff alleges that Herceg's allegations were false.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

**Mr. Kweller's Arrest is Widely Reported, and He and His Family Face Severe Consequences from the False Accusations**

150.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 150 of the Complaint.

151.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 151 of the Complaint.

152.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 152 of the Complaint.

153.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 153 of the Complaint.

154.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 154 of the Complaint.

155.    Due to this incident, he has still not been able to regain employment as an educator or obtain e LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 155 of the Complaint.

156.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156 of the Complaint.

a.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.a. of the Complaint.

b.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.b. of the Complaint.

c.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.c. of the Complaint.

d.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.d. of the Complaint.

e.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.e. of the Complaint.

f.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.f. of the Complaint.

g.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.g. of the Complaint.

h.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.h. of the Complaint.

i.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.i. of the Complaint.

j.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 156.j. of the Complaint.

157.   LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 157 of the Complaint.

158.   LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 158 of the Complaint.

**The Baseless Prosecution Proceeds**

159.   DENIES the allegations contained in paragraph 147 of the Complaint to the extent that Plaintiff alleges that Herceg's allegations were false. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

160.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 160 of the Complaint.

161.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 161 of the Complaint.

162.    ADMITS the allegations contained in Paragraph 162 of the Complaint to the extent that Herceg lacks a clear memory of the events alleged in the Complaint but DENIES each and every other allegation in said Paragraph.

163.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 163 of the Complaint.

164.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 164 of the Complaint.

165.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 160 of the Complaint.

166.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 160 of the Complaint.

167.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 160 of the Complaint.

168.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 160 of the Complaint.

169.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 169 of the Complaint.

a.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 169.a. of the Complaint.

b.      LACKS INFORMATION SUFFICIENT TO FORM A BELIEF

with respect to the allegations contained in Paragraph 169.b. of the Complaint.

170.    To the extent that the allegations set forth in Paragraph 170 of the Complaint

contain conclusions of law to which no response is required, Defendant refers such allegations to

the Court. To the extent that a response is required, Defendant LACKS INFORMATION

SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation

contained in said paragraph.

171.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the

allegations contained in Paragraph 171 of the Complaint.

172.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the

allegations contained in Paragraph 172 of the Complaint.

173.    To the extent that the allegations set forth in Paragraph 173 of the Complaint

contain conclusions of law to which no response is required, Defendant refers such allegations to

the Court. To the extent that a response is required, Defendant LACKS INFORMATION

SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation

contained in said paragraph.

174.    ADMITS the allegations contained in Paragraph 174 of the Complaint to the extent

that Plaintiff's DNA was excluded as a contributor but LACKS INFORMATION SUFFICIENT

TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

175.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the

allegations contained in Paragraph 175 of the Complaint.

a.      ADMITS the allegations contained in paragraph 175.a. of the

Complaint to the extent that Herceg underwent forensic rape examination. Defendant

LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph

        b.      ADMITS the allegations contained in paragraph 175.b. of the Complaint to the extent that Herceg did not have sex intercourse for approximately one month prior to November 26th and 27th, 2021. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

        c.      DENIES the allegations contained in paragraph 175.c. of the Complaint to the extent that Herceg provided false information. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

        d.      DENIES the allegations contained in paragraph 175.d. of the Complaint to the extent that Herceg provided false information. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

        e.      LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 175.e. of the Complaint.

176.    DENIES the allegations contained in paragraph 176 of the Complaint to the extent that Plaintiff alleges that Herceg refused a search of her phone. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

**A Forensic Image of Defendant Demkovich's Phone – and its Exculpatory Contents – is Finally Produced to Plaintiff, Leor Kweller, and Jordan Rindgen**

177.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 177 of the Complaint.

178.    ADMITS the allegations contained in paragraph 178 of the Complaint to the extent that that Herceg allowed imaging of Herceg's cellular phone. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

179.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 179 of the Complaint.

180.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 180 of the Complaint.

181.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 181 of the Complaint.

182.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 182 of the Complaint.

183.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 183 of the Complaint.

184.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 184 of the Complaint.

185.    ADMITS the allegations contained in paragraph 185 of the Complaint to the extent that Herceg obtained a new phone and a new iCloud account. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

186.    DENIES the allegations contained in paragraph 186 of the Complaint to the extent that Plaintiff alleges that Defendant was certain that she did not have intercourse as alleged. Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

187.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 187 of the Complaint.

188.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 188 of the Complaint.

189.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 189 of the Complaint.

190.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 190 of the Complaint.

191.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 191 of the Complaint.

192.    To the extent that the allegations set forth in Paragraph 192 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

193.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 193 of the Complaint.

194.    To the extent that the allegations set forth in Paragraph 194 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to

the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

195.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 195 of the Complaint.

**Despite All of the Evidence Exculpating Leor Kweller and Revealing the Falsity of Defendant Herceg and Defendant Demkovich's Allegations, BCDAO Attempts to Salvage the Prosecution Against Plaintiff Kweller**

196.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 196 of the Complaint.

197.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 197 of the Complaint.

198.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 198 of the Complaint.

199.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 199 of the Complaint.

200.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 200 of the Complaint.

201.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 201 of the Complaint.

202.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 202 of the Complaint.

203.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 203 of the Complaint.

204.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 204 of the Complaint.

205.    DENIES the allegations contained in Paragraph 205 to the extent that the allegations relate to Defendant Herceg.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

206.    To the extent that the allegations set forth in Paragraph 206 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. Defendant DENIES the allegations contained in said Paragraph to the extent that they relate to Herceg.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation contained in said Paragraph.

207.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 207 of the Complaint.

208.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 208 of the Complaint.

209.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 209 of the Complaint.

## DAMAGES

210.    DENIES the allegations contained in Paragraph 210 of the Complaint

211.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 211 of the Complaint.

212.    DENIES the allegations contained in Paragraph 212 of the Complaint.

213.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 213 of the Complaint.

214.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 214 of the Complaint.

215.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 215 of the Complaint.

216.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 216 of the Complaint.

217.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 217 of the Complaint.

218.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 218 of the Complaint.

219.     DENIES the allegations contained in Paragraph 219 of the Complaint.

## FEDERAL CLAIMS

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983**
**Fourth and Fourteenth Amendment False Arrest and Malicious Prosecution**
*Against Defendants Korchak, Congdon, Cronin, Wagner, Minor, Zikuski and Miller*

220.     Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 219 of the Complaint as if set forth at length herein.

221.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 221 of the Complaint.

222.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 222 of the Complaint.

223.     LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 223 of the Complaint.

224.    To the extent that the allegations set forth in Paragraph 224 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said Paragraph.

225.    DENIES the allegations contained in Paragraph 225 of the Complaint.

226.    DENIES the allegations contained in Paragraph 226 of the Complaint.

227.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 227 of the Complaint.

## SECOND CAUSE OF ACTION

**42 U.S.C. § 1983**
**Fourteenth Amendment Deprivation of Liberty Without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation**
*Against Defendants Korchak, Congdon, Cronin, Wagner, Minor and Miller*

228.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 227 of the Complaint as if set forth at length herein.

229.    To the extent that the allegations set forth in Paragraph 229 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

230.    To the extent that the allegations set forth in Paragraph 230 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION

SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

231.    To the extent that the allegations set forth in Paragraph 231 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

232.    To the extent that the allegations set forth in Paragraph 232 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

233.    To the extent that the allegations set forth in Paragraph 233 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

234.    DENIES the allegations contained in Paragraph 234 of the Complaint.

235.    DENIES the allegations contained in Paragraph 235 of the Complaint to the extent that it alleges that any allegations by Herceg were false.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation in said Paragraph.

236.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 236 of the Complaint.

### THIRD CAUSE OF ACTION

**42 U.S.C. § 1983**
**Failure to Intervene**
*Against Defendants County of Broome, City of Binghamton,*
*Korchak, Loughran, Congdon, Cronin, Wagner, Minor, Miller and Zikuski*

237.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 236 of the Complaint as if set forth at length herein.

238.    To the extent that the allegations set forth in Paragraph 238 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

239.    To the extent that the allegations set forth in Paragraph 239 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

240.    DENIES the allegations contained in Paragraph 240 of the Complaint.

241.    DENIES the allegations contained in Paragraph 241 of the Complaint to the extent that it alleges that any allegations by Herceg were false.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation in said Paragraph.

37

242.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 242 of the Complaint.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983
### Supervisory Liability
*Against Defendant Korchak, Defendant Loughran, Defendant Minor, and Defendant Zikuski*

243.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 242 of the Complaint as if set forth at length herein.

244.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 244 of the Complaint.

245.    To the extent that the allegations set forth in Paragraph 245 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

246.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 246 of the Complaint.

247.    To the extent that the allegations set forth in Paragraph 247 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

248.    DENIES the allegations contained in Paragraph 248 of the Complaint.

249.    DENIES the allegations contained in Paragraph 249 of the Complaint to the extent that it alleges that any allegations by Herceg were false.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation in said Paragraph.

250.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 250 of the Complaint.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983
### Monell Claim
*Against Defendant County of Broome for the Actions and Omissions of the Broome County DA's Office and its employees*

251.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 250 of the Complaint as if set forth at length herein.

252.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 252 of the Complaint.

253.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 253 of the Complaint.

254.    To the extent that the allegations set forth in Paragraph 254 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

255.    To the extent that the allegations set forth in Paragraph 255 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION

SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

256.    To the extent that the allegations set forth in Paragraph 256 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

257.    To the extent that the allegations set forth in Paragraph 257 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

258.    To the extent that the allegations set forth in Paragraph 258 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

259.    To the extent that the allegations set forth in Paragraph 259 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

260.    To the extent that the allegations set forth in Paragraph 260 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

261.    To the extent that the allegations set forth in Paragraph 261 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

262.    To the extent that the allegations set forth in Paragraph 262 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

263.    To the extent that the allegations set forth in Paragraph 263 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

264.    To the extent that the allegations set forth in Paragraph 264 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION

SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

265.    To the extent that the allegations set forth in Paragraph 265 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

266.    To the extent that the allegations set forth in Paragraph 266 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

267.    To the extent that the allegations set forth in Paragraph 267 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

268.    To the extent that the allegations set forth in Paragraph 268 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

269.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 269 of the Complaint.

270.    To the extent that the allegations set forth in Paragraph 270 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

271.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 271 of the Complaint.

272.    To the extent that the allegations set forth in Paragraph 272 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

273.    To the extent that the allegations set forth in Paragraph 273 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

274.    To the extent that the allegations set forth in Paragraph 274 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION

SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

275.    To the extent that the allegations set forth in Paragraph 275 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

## SIXTH CAUSE OF ACTION

### *Monell* Claim for the Unconstitutional BPD Custom or Policy

*Against Defendants City of Binghamton, Zikuski, and Minor*

276.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 275 of the Complaint as if set forth at length herein.

277.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 277 of the Complaint.

278.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 278 of the Complaint.

279.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 279 of the Complaint.

280.    To the extent that the allegations set forth in Paragraph 280 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

281.    To the extent that the allegations set forth in Paragraph 281 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

282.    To the extent that the allegations set forth in Paragraph 282 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

283.    To the extent that the allegations set forth in Paragraph 283 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

284.    To the extent that the allegations set forth in Paragraph 284 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

285.    To the extent that the allegations set forth in Paragraph 285 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION

SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

286.    To the extent that the allegations set forth in Paragraph 286 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

287.    To the extent that the allegations set forth in Paragraph 287 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

288.    To the extent that the allegations set forth in Paragraph 288 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

289.    To the extent that the allegations set forth in Paragraph 289 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

290.    To the extent that the allegations set forth in Paragraph 290 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

291.    To the extent that the allegations set forth in Paragraph 291 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

292.    To the extent that the allegations set forth in Paragraph 292 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

293.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 293 of the Complaint.

294.    To the extent that the allegations set forth in Paragraph 204 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

295.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 295 of the Complaint.

### SEVENTH CAUSE OF ACTION

**42 U.S.C. § 1983 Civil Rights Conspiracy**
*Against All Defendants*

296.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 295 of the Complaint as if set forth at length herein.

297.    DENIES those allegations contained in Paragraph 297 of the Complaint that relate specifically to Defendant Herceg and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of each and every allegation other contained in said Paragraph.

298.    DENIES the allegations contained in Paragraph 298 of the Complaint.

    a.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 298.a. of the Complaint.

    b.    DENIES the allegations contained in Paragraph 298.b. of the Complaint

    c.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 298.c. of the Complaint.

    d.    DENIES the allegations contained in Paragraph 298.d. of the Complaint

299.    DENIES the allegations contained in Paragraph 299 of the Complaint.

300.    DENIES the allegations contained in Paragraph 300 of the Complaint to the extent that it alleges that any allegations by Herceg were false.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation in said Paragraph.

301.    DENIES the allegations contained in Paragraph 301 of the Complaint.

## STATE LAW CLAIMS

## EIGHTH CAUSE OF ACTION

### False Arrest and Malicious Prosecution
*Against All Defendants*

302.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 301 of the Complaint as if set forth at length herein.

303.    DENIES the allegations contained in Paragraph 303 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 303 of the Complaint.

304.    DENIES the allegations contained in Paragraph 304 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 304 of the Complaint.

305.    DENIES the allegations contained in Paragraph 305 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 305 of the Complaint.

306.    DENIES the allegations contained in Paragraph 306 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 306 of the Complaint.

307.    DENIES the allegations contained in Paragraph 307 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 307 of the Complaint.

308.    DENIES the allegations contained in Paragraph 308 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 308 of the Complaint.

309.     DENIES the allegations contained in Paragraph 309 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 309 of the Complaint.

310.     DENIES the allegations contained in Paragraph 310 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 310 of the Complaint.

311.     DENIES the allegations contained in Paragraph 311 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 311 of the Complaint.

312.     DENIES the allegations contained in Paragraph 312 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 312 of the Complaint.

313.     DENIES the allegations contained in Paragraph 313 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 313 of the Complaint.

314.     DENIES the allegations contained in Paragraph 314 of the Complaint.

315.     DENIES the allegations contained in Paragraph 315 of the Complaint to the extent that it alleges that any allegations by Herceg were false.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation in said Paragraph.

316.     DENIES the allegations contained in Paragraph 316 of the Complaint.

### **NINTH CAUSE OF ACTION**

**Intentional, Reckless, or Negligent Infliction of Emotional Distress**
*Against All Defendants*

50

317.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 316 of the Complaint as if set forth at length herein.

318.    DENIES the allegations contained in Paragraph 318 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 318 of the Complaint.

319.    DENIES the allegations contained in Paragraph 319 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 319 of the Complaint.

320.    DENIES the allegations contained in Paragraph 320 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 320 of the Complaint.

321.    DENIES the allegations contained in Paragraph 321.

## TENTH CAUSE OF ACTION

**Article I, §§ 6 and 12 of the New York State Constitution**
*Against All Defendants*

322.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 321 of the Complaint as if set forth at length herein.

323.    To the extent that the allegations set forth in Paragraph 323 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

324.    DENIES the allegations contained in Paragraph 324 of the Complaint.

325.    DENIES the allegations contained in Paragraph 325 of the Complaint to the extent that it alleges that any allegations by Herceg were false.  Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to each and every other allegation in said Paragraph.

326.    DENIES the allegations contained in Paragraph 326 of the Complaint.

## ELEVENTH CAUSE OF ACTION

### *Respondeat Superior*
*Against City of Binghamton and County of Broome*

327.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 326 of the Complaint as if set forth at length herein.

328.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 328 of the Complaint.

329.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 329 of the Complaint.

330.    DENIES the allegations contained in Paragraph 330 that relate specifically to Defendant Herceg and LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the remainder of the allegations contained in Paragraph 330 of the Complaint.

331.    To the extent that the allegations set forth in Paragraph 331 of the Complaint contain conclusions of law to which no response is required, Defendant refers such allegations to the Court. To the extent that a response is required, Defendant LACKS INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of each and every allegation contained in said paragraph.

## TWELFTH CAUSE OF ACTION

### Abuse of Process

*Against The City of Binghamton and Defendants Korchak and Zikuski*

332.    Defendant Herceg repeats, reiterates and realleges each and every response to Paragraphs 1 through 331 of the Complaint as if set forth at length herein.

333.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 333 of the Complaint.

334.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 334 of the Complaint.

335.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 335 of the Complaint.

336.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 336 of the Complaint.

337.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 337 of the Complaint.

338.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 338 of the Complaint.

339.    LACKS INFORMATION SUFFICIENT TO FORM A BELIEF with respect to the allegations contained in Paragraph 339 of the Complaint.

## **GENERAL DENIAL**

Defendant Herceg DENIES each and every allegation which is not admitted, denied, or otherwise responded to in this Answer and further DENIES any allegation(s) that she is liable in any way to Plaintiffs.

## **AS AND FOR THE FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

Defendant Herceg is not a state actor and/or was not a joint participant in state action.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

Defendant Herceg has absolute and/or qualified immunity as a witness in a judicial proceeding.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

Defendant Herceg did not owe a duty of care to Plaintiffs.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

Defendant Herceg acted in good faith.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

Defendant Herceg lacked malice or malicious intent.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

Defendant Herceg lacked deliberate indifference to the alleged constitutional violations asserted by Plaintiffs.

## AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

The damages sustained by Plaintiffs were entirely and/or substantially caused by the negligence or wrongdoing of a third person or third persons over whom Defendant Herceg had no control and/or for whose acts she was not responsible.

## AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

Any damages claimed by Plaintiffs were not actually or proximately caused by an act or omission on the part of Defendant Herceg.

## AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

There was no agreement or meeting of the minds between the Defendants to violate Plaintiff's constitutional rights.

## AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

Statements attributed to Defendant Herceg constitute communications made in the course of a judicial or quasi-judicial proceeding, and are therefore subject to an absolute or qualified privilege.

## AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE

One or more of the causes of action asserted in the Complaint are barred under the applicable statute of limitations.

## AS AND FOR THE FOURTEENTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred or limited by the doctrines of release, collateral estoppel and/or waiver.

## AS AND FOR THE FIFTEENTH AFFIRMATIVE DEFENSE

If the Court dismisses the federal claims against the responding Defendants, then it lacks jurisdiction over the subject matter of the state law claims.

## AS AND FOR THE SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are collaterally estopped from asserting one or more of their claims on the grounds that the grand jury indicted Plaintiff Leor Kweller for the crimes charged in the underlying criminal proceeding and thereby determined that probable cause existed for such crimes.

## AS AND FOR THE SEVENTEENTH AFFIRMATIVE DEFENSE

One of more of the causes of action asserted in the Complaint is duplicative and should be stricken.

## JURY DEMAND

Defendant Herceg demands a trial by jury.

## RESERVATION OF RIGHTS

Defendant Herceg reserves her right to amend her Answer and supplement the foregoing defenses and raise additional defenses or to assert counterclaims or crossclaims, without waiver, that may become apparent through the course of this litigation to the fullest extent allowed by law or equity.

Dated: May 15, 2025                    **BOUSQUET HOLSTEIN PLLC**

By:____/s/ Kavitha Janardhan_____
        Kavitha Janardhan, Esq.
        Bar Roll Number: 519962
        Lawrence M. Ordway, Jr., Esq.
        Bar Roll Number: 509310

        Attorneys for Defendant Samantha Herceg
        Office and Post Office Address
        110 West Fayette Street, Suite 1000
        Syracuse, New York 13202
        Telephone: (315) 422-1500

TO:
        Attorneys for Plaintiffs
        Via electronic filing

        7523062.3