UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEOR KWELLER and
ZOE LIBERMAN,

                *Plaintiffs*,

   -against-

THE COUNTY OF BROOME, THE CITY
OF BINGHAMTON, DISTRICT ATTORNEY
MICHAEL A. KORCHAK, CHIEF ASSISTANT
DISTRICT ATTORNEY MARK LOUGHRAN,
ASSISTANT DISTRICT ATTORNEY ALYSSA
CONGDON, ASSISTANT DISTRICT ATTORNEY
AMANDA CRONIN, DISTRICT ATTORNEY
INVESTIGATOR JEFF J. WAGNER, BINGHAMTON
POLICE DEPARTMENT CHIEF JOSEPH ZIKUSKI,
BINGHAMTON POLICE DEPARTMENT
CAPTAIN CORY MINOR, BINGHAMTON
POLICE DEPARTMENT INVESTIGATOR
AMANDA MILLER, all in their individual capacities,
and JOHN DOES 1-10, representing Broome County
District Attorney's Office and Police Department
Employees Whose Names Are Currently Unknown,
HAILEY DEMKOVICH, and SAMANTHA HERCEG.

                *Defendants*.
_____

**MEMORANDUM OF LAW**

3:25-CV-343 (AJB-ML)

**DEFENDANT AMANDA CRONIN'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

                                           **CAPEZZA HILL, LLP**

                                           _____
                                           Benjamin W. Hill, Esq.
                                           Alexandra N. von Stackelberg, Esq.
                                           Attorneys for Amanda Cronin
                                           30 South Pearl Street, P-110
                                           Albany, New York 12207
                                           (518) 478-6065
                                           ben@capezzahill.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
PRELIMINARY STATEMENT ............................................................................................... 1
STATEMENT OF FACTUAL ALLEGATIONS ..................................................................... 2
STANDARD OF REVIEW ....................................................................................................... 3
ARGUMENT ............................................................................................................................. 4
   I.    PLAINTIFFS' CLAIMS ARE BARRED BY PROSECUTORIAL IMMUNITY ............ 4
   II.   ALTERNATIVELY, PLAINTIFFS' CLAIMS ARE BARRED BY QUALIFIED
       IMMUNITY ........................................................................................................................ 6
   III.  PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM ....................................... 8
      A.   *Malicious Prosecution and False Arrest Claims* ............................................... 8
      B.   *Section 1983 Due Process Violation* ................................................................ 10
      C.   *Failure to Intervene* ........................................................................................ 11
      D.   *Civil Rights Conspiracy* ................................................................................. 12
      E.   *State Law Intentional and Negligent Infliction of Emotional Distress* ......... 13
      F.   *Violations of the New York State Constitution* ............................................. 13
CONCLUSION ........................................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Cases**

*Ackerson v. City of White Plains*,
　702 F.3d 15 (2d Cir. 2012) ............................................................................................. 13

*Anderson v. Branen*,
　17 F.3d 552 (2d Cir. 1994) ............................................................................................. 16

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ......................................................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ...................................................................................................... 6, 7

*Berie v. Stevenson*,
　No. 5:18-cv-119, 2019 WL 1017317 (N.D.N.Y. Mar. 4, 2019) .................................... 14

*Chambers v. Time Warner, Inc.*,
　282 F.3d 147 (2d Cir. 2002) ............................................................................................. 7

*Colon v. City of New York*,
　60 N.Y.2d 78 (1983) ...................................................................................................... 14

*D'Alessandro v. City of New York*,
　2016 WL 6926516 (E.D.N.Y. Nov. 28, 2016) .............................................................. 10

*Davis v. City of New York*,
　840 Fed. Appx. 631 (2d Cir. 2021) ................................................................................ 13

*De Lourdes Torres v. Jones*,
　26 N.Y.3d 742 (2016) .................................................................................................... 13

*Debrosse v. City of New York*,
　739 Fed. Appx. 48 (2d Cir. 2018) .................................................................................. 14

*District of Columbia v. Wesby*,
　583 U.S. 48 (2018) ......................................................................................................... 11

*Fappiano v. City of New York*,
　640 Fed. Appx. 115 (2d Cir. 2016) ................................................................................ 12

*Febres v. City of New York*,

283 F.R.D. 377 (S.D.N.Y. 2006) .......................................................................................... 18

*Fiedler v. Incandela*,
222 F. Supp. 3d 141 (E.D.N.Y. 2016) .................................................................................. 17

*Flagler v. Trainor*,
663 F.3d 543 (2d Cir. 2011) ................................................................................................ 12

*Gonzalez v. City of Schenectady*,
728 F.3d 149 (2d Cir. 2013) ......................................................................................... 11, 13

*Hansel v. Sheridan*,
991 F. Supp. 69 (N.D.N.Y. 1998) ....................................................................................... 17

*Hill v. City of New York*,
45 F.3d 653 (2d Cir. 1995) .................................................................................................... 9

*Howell v. New York Post Co., Inc.*,
81 N.Y.2d 115 (1993) ......................................................................................................... 17

*Imbler v. Pachtman*,
424 U.S. 409 (1976) .............................................................................................................. 8

*Jones v. Treubig*,
963 F.3d 214 (2d Cir. 2020) ................................................................................................ 11

*Kayo v. Mertz*,
531 F. Supp. 3d 774 (S.D.N.Y. 2021) ................................................................................. 16

*Kyles v. Whitley*,
514 U.S. 419 (1995) ............................................................................................................ 15

*Lawlor v. Connelly*,
471 Fed. Appx. 64 (2d Cir. 2012) ......................................................................................... 9

*Lee v. Sandberg*,
136 F.3d 94 (2d Cir. 1997) .................................................................................................. 14

*Letteri v. Department of Justice*,
No. 23-CV-697, 2024 WL 2278247 (W.D.N.Y. Apr. 30, 2024) ......................................... 10

*Manganiello v. City of New York*,
612 F.3d 149 (2d Cir. 2010) ................................................................................................ 12

*Mayor and City Council of Baltimore, Md. v. Citigroup, Inc.*,
    709 F.3d 129 (2d Cir. 2013) ............................................................................................. 7

*Moore v. Keller*,
    No. 5:16-CV-1230, 2021 WL 4066541 (N.D.N.Y. Sep. 7, 2021) ........................................... 11

*Newton v. City of New York*,
    566 F.Supp.2d 256 (S.D.N.Y. 2008) ...................................................................................... 17

*Palmer v. City of New York*,
    564 F. Supp. 3d 221 (E.D.N.Y. 2021) ..................................................................................... 16

*Pangburn v. Culbertson*,
    200 F.3d 65 (2d Cir. 1999) ...................................................................................................... 16

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998) ...................................................................................................... 11

*Pinaud v. County of Suffolk*,
    52 F.3d 1139 (2d Cir. 1995) ............................................................................................. 8, 9, 10

*Ricciuti v. N.Y.C. Transit Auth.*,
    124 F.3d 123 (2d Cir. 1997) .................................................................................................... 14

*Savino v. City of New York*,
    331 F.3d 63 (2d Cir. 2003) ...................................................................................................... 14

*Loria v. Gorman*,
    306 F.3d 1271 (2d Cir. 2002) ........................................................................................ 12, 14, 15

*Singer v. Fulton County Sheriff*,
    63 F.3d 110 (2d Cir. 1995) ...................................................................................................... 13

*Talarico v. Port Authority of New York and New Jersey*,
    367 F. Supp. 3d 161 (S.D.N.Y. 2019) ..................................................................................... 18

*Taravella v. Town of Wolcott*,
    599 F.3d 129 (2d Cir. 2010) .................................................................................................... 11

*Thomas v. County of Putnum*,
    262 F. Supp. 2d 241 (S.D.N.Y. 2003) ..................................................................................... 17

*United Staes v. Zackson*,
    6 F.3d 911 (2d Cir. 1993) ........................................................................................................ 15

*Van de Kamp v. Goldstein*,
  555 U.S. 335 (2009) ................................................................................................ 8, 10

*Warney v. Monroe County*,
  587 F.3d 113 (2d Cir. 2009) ............................................................................................ 9

*Weider v. City of New York*,
  569 Fed. App'x 28 (2d Cir. 2014) .................................................................................. 16

*Weyant v. Okst*,
  101 F.3d 845 (2d Cir. 1996) .......................................................................................... 13

*White v. Pauly*,
  137 S. Ct. 548 (2017) .................................................................................................... 11

*Young v. Zon*,
  827 F. Supp. 2d 144 (W.D.N.Y. 2011) .......................................................................... 15

**Rules**

Fed. R. Civ. P. 12(c) ............................................................................................................ 5

**PRELIMINARY STATEMENT**

Defendant Amanda Cronin (hereinafter "Ms. Cronin") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs Leor Kweller and Zoe Liberman's[1] (hereinafter "Plaintiffs") Complaint for failure to state a claim upon which relief may be granted. As a prosecutor, Ms. Cronin is protected by absolute prosecutorial and qualified immunity which shield her from liability. Alternatively, Plaintiffs' Complaint fails to sufficiently state a claim as to Ms. Cronin.

This action arises following the criminal prosecution of three individuals: Plaintiff, Yaron Kweller, and Leor Kweller. *See* Dkt. No. 1. The prosecution stemmed from allegations of sexual assault made by Defendants Samantha Herceg and Hailey Demkovich (hereinafter collectively referred to as the "criminal complainants") against Plaintiff Kweller, Yaron Kweller and Jordan Rindgen. Ms. Cronin, acting in her capacity as an Assistant District Attorney ("ADA") with the Broome County District Attorney's Office (hereinafter "BCDAO") was assigned to prosecute the case along with Defendant ADA Alyssa Congdon and other members of the BCDAO. The charges against Plaintiff Kweller were dismissed by the trial court prior to trial.

Plaintiffs bring the following claims against Ms. Cronin: (1) § 1983 Malicious Prosecution and False Arrest in violation of the Fourth and Fourteenth Amendments; (2) § 1983 Fourteenth Amendment Due Process violation; (3) § 1983 Failure to Intervene; (4) § 1983 Civil Rights Conspiracy; (5) § 1983 *Monell* claim for Unconstitutional Custom or Policy and Failure to Supervise and Train; (6) state law Malicious Prosecution and False Arrest; (7) Intentional, Reckless, or Negligent Infliction of Emotional Distress; and (8) violation of Article I, §§ 6 and 12 of the New York State Constitution. Dkt. No. 1. For the reasons discussed below, even accepting

---

[1] Ms. Liberman is Plaintiff Kweller's wife. Plaintiff Liberman does not appear to assert any claims other than a derivative loss of consortium claim. *See generally* Dkt. No. 1. However, to the extent Plaintiff Liberman asserts causes of action based on the same underlying events as Plaintiff Kweller, she lacks standing to do so and the claims fail for the reasons set forth herein. Specifically, Plaintiff Liberman was not the target of the alleged investigation or conduct and has not plausibly alleged any constitutional tort as against her.

1

Plaintiffs' allegations as true – as the Court must at this stage – Ms. Cronin is protected by absolute prosecutorial immunity. Accordingly, Plaintiffs' claims against Ms. Cronin must be dismissed.

## STATEMENT OF FACTUAL ALLEGATIONS

The vast majority of Plaintiffs' allegations relate to the alleged conduct of Defendant Alyssa Congdon. *See generally* Dkt. No. 1. The specific allegations about Ms. Cronin are sparse but are accepted as true for the purposes of this motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The underlying criminal prosecution began with reports by Defendants Demkovich and Herceg to law enforcement that they were sexually assaulted by Plaintiff and two other men. The Complaint alleges that Ms. Cronin, in her capacity as an Assistant District Attorney with the BCDAO, was assigned to work with Defendant Congdon on the criminal case against Plaintiff. Dkt. No. 1 at ¶ 21, 127. At some point during the course of the prosecution, Defendant Demkovich, one of the complainants in the criminal case, informed Defendant Congdon and "others at the BCDAO" that she "never said 'no' or physically resisted any sex acts" and that Defendant Cronin and "others" failed to realize the exculpatory nature of the information and did not disclose the information to Plaintiffs' criminal defense counsel. *Id.* at ¶¶ 136-37. Following an investigation, Defendant Loughran, Defendant Congdon, and Ms. Cronin presented the case to the Grand Jury. *Id.* at ¶ 167. Plaintiff alleges that this allegedly exculpatory information was not included in the presentation to the grand jury. *Id.* ¶ 168. The Grand Jury returned an indictment against Plaintiff Kweller charging him Rape in the First Degree in violation of Penal Law § 130.35(2) and Sexual Abuse in the First Degree in violation of Penal Law § 130.65(2). *Id.* at ¶ 170.

Plaintiffs further allege that Ms. Cronin and Defendant Congdon filed a certificate of compliance with discovery obligations, as required by the New York Criminal Procedure Law, without obtaining all available evidence. *Id.* ¶¶ 172-73. Specifically, Plaintiff claims that Ms.

2

Cronin and Defendant Congdon failed to obtain and preserve cell phone information from the criminal complainants and information regarding the results from DNA testing. *Id.* at ¶¶ 137, 168. Regarding the cell phone information, Plaintiff alleges that BCDAO personnel had access to a hard drive with cell phone extractions for over a year before they provided it to Plaintiffs' defense counsel and the data included potentially exculpatory evidence. *Id.* at ¶¶ 146, 179-86. Plaintiffs' allegations regarding the DNA testing results relate to findings following Defendant Herceg's forensic rape examination, which were not available until after Plaintiff Kweller was indicted. *Id.* at ¶ 174-75. Plaintiff claims that Defendant Herceg's account of the number and identities of consensual sexual partners she had prior to the alleged assault changed throughout the course of the prosecution and that Defendant Congdon, Ms. Cronin, and other BCDAO personnel did not disclose this information to Plaintiffs' criminal defense counsel in a timely manner. *Id.* at ¶ 165(d). However, the Complaint indicates that Plaintiffs' defense counsel were provided with the information regarding the change in Defendant Herceg's account and the cell-phone information well in advance of trial. *See id.* at ¶¶ 161(d), 181.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In deciding a motion to dismiss, the Court must draw reasonable inferences and resolve any doubts in favor of the non-moving party. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A pleading that offers only "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Mayor and City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quotation omitted).

3

**ARGUMENT**

I.  **PLAINTIFFS' CLAIMS ARE BARRED BY PROSECUTORIAL IMMUNITY**

Prosecutorial immunity arises, in part, "out of the general common-law 'concern that harassment by unfounded litigation' could both 'cause a deflection of the prosecutor's energies from his public duties' and also lead the prosecutor to 'shade his decisions instead of exercising the independence of judgment required by his public trust.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976)). "[A]bsolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp*, 555 U.S. at 324 (citation omitted). "When a prosecutor is engaged in administrative or investigative activities, he is entitled only to qualified immunity, and thus … district attorney[s] … are to be held 'absolutely immune from liability under section 1983 only for acts within the scope of [their] duties in initiating and pursuing a criminal prosecution." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (cleaned up).

Despite Plaintiffs' general allegation that Ms. Cronin was assigned to prosecute the case with Defendant Congdon, the allegations specific to Ms. Cronin are limited. In essence, all of Plaintiffs' allegations regarding Ms. Cronin fall into two categories: (1) Ms. Cronin's alleged failure to seek out exculpatory evidence, specifically cell phone data from the phones of the criminal complainants, *see* Dkt. No. 1 at ¶¶ 137, 163, 176, and (2) Ms. Cronin's alleged failure to timely provide certain allegedly exculpatory evidence to Plaintiffs' criminal defense attorney and to present the same to the grand jury. *Id.* at ¶¶ 172-73, 187.

Plaintiff alleges that Ms. Cronin was an Assistant District Attorney at the BCDAO and was assigned to work with Defendant Congdon on the criminal prosecution of Plaintiff. *Id.* at ¶ 127. Plaintiff alleges that, at some point during the prosecution, Defendant Demovich informed

4

Defendant Congdon and "others at the BCDAO" that she "never said 'no' or physically resisted any sex acts" by Plaintiff and that Ms. Cronin failed to disclose the evidence to Plaintiffs' criminal defense counsel or present the information to the grand jury. *Id.* at ¶¶ 161-63. Plaintiff alleges that Ms. Cronin similarly failed to disclose to Plaintiffs' criminal defense counsel that Defendant Herceg changed her account about the possibility of having other consensual partners, which arose in the context of analysis of DNA evidence obtained from a forensic rape examination of Defendant Herceg. *Id.* at ¶ 175. Plaintiff also alleges that Ms. Cronin failed to obtain, review, and turn over what Plaintiff characterizes as exculpatory evidence from Defendant Herceg and Defendant Demovich's cell phones. *Id.* at ¶¶ 137, 163, 176. Finally, Plaintiff alleges that Ms. Cronin filed a certificate of compliance with discovery obligations under the Criminal Procedure Law without taking steps to obtain all of the available exculpatory and impeachment evidence. *Id.* at ¶¶ 172-73.

Even viewing the allegations in a light most favorable to Plaintiff, absolute prosecutorial immunity applies to all the allegations against Defendant Cronin for multiple reasons. First, there is no allegation that Defendant Cronin, at any point, worked outside of her prosecutorial function. *See generally* Dkt. No. 1; *see also Pinaud*, 52 F.3d at 1147. Second, the conduct which Plaintiff alleges Defendant Cronin engaged in, even if taken as true, falls within well-established categories of conduct for which absolute immunity applies.

Plaintiffs' claims against Ms. Cronin stem from her alleged treatment of exculpatory evidence; namely, that she failed to seek certain exculpatory evidence and provide the same to Plaintiff in a timely fashion. *See* Dkt. No. 1 at ¶¶ 172-73, 187. The Second Circuit has routinely held that absolute prosecutorial immunity applies in circumstances where prosecutors fail to provide exculpatory evidence. *Warney v. Monroe County*, 587 F.3d 113, 125 (2d Cir. 2009); *Lawlor v. Connelly*, 471 Fed. Appx. 64, 65 (2d Cir. 2012) (finding prosecutorial immunity applies

5

to allegations of prosecutor withholding exculpatory evidence from a grand jury); *Hill v. City of New York*, 45 F.3d 653, 664 (2d Cir. 1995) (finding absolute immunity applies where a prosecutor allegedly withheld exculpatory evidence from grand jury and suppressed *Brady* material). The same is true regarding alleged procedural errors and omissions such as the alleged improper filing of the certificate of compliance. *See Letteri v. Department of Justice*, No. 23-CV-697, 2024 WL 2278247, at *3 (W.D.N.Y. Apr. 30, 2024) (citing *D'Alessandro v. City of New York*, 2016 WL 6926516, at * 5 (E.D.N.Y. Nov. 28, 2016) (collecting cases)). Therefore, the few specific factual allegations that Plaintiff makes against Ms. Cronin are acts for which she is entitled to absolute prosecutorial immunity.

Even if the Court were to impute to Ms. Cronin the more general allegations raised by Plaintiff against members of the Broome County District Attorney's Office, such allegations would also fail to state a plausible claim because the conduct similarly falls within clearly established categories of conduct protected by absolute immunity. For example, "[c]ase law from this circuit clearly establishes that the district attorneys' [for] claims relating to [a] plea agreement and the presentations to the grand jury, are covered by absolute immunity." *Pinaud*, 52 F.3d at 1149 (collecting cases). The Supreme Court has held that absolute immunity applies to a prosecutor's preparation to initiate a judicial proceeding. *Van de Kamp*, 555 U.S. at 343.

In short, there is not a single allegation that Ms. Cronin stepped outside of her prosecutorial role. *See generally* Dkt. No. 1. Therefore, even viewing the allegations in a light most favorable to Plaintiff, Ms. Cronin is protected by absolute immunity for her role in the criminal prosecution of Plaintiff and his claims must be dismissed in their entirety.

## II. ALTERNATIVELY, PLAINTIFFS' CLAIMS ARE BARRED BY QUALIFIED IMMUNITY

While, for the reasons set forth above, it is clear that Plaintiffs' allegations as to Ms. Cronin relate solely to adjudicative functions and are therefore subject to absolute immunity, if the Court construes Plaintiffs' allegations against Ms. Cronin as involving administrative or investigative acts, she is still entitled to qualified immunity.

"Qualified immunity protects government officials from civil damages liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Moore v. Keller*, No. 5:16-CV-1230, 2021 WL 4066541, *5 (N.D.N.Y. Sep. 7, 2021) (citing *Jones v. Treubig*, 963 F.3d 214, 224 (2d Cir. 2020)). The Second Circuit has instructed that "[t]he issues on qualified immunity are: (1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (citing *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-134 (2d Cir. 2010)).  While a plaintiff need not cite "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (*per curiam*) (cleaned up). The precedent "must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The defense of qualified immunity may be raised in a pre-answer motion to dismiss and should be resolved at the earliest possible point "if clearly established by the allegations within the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 77-75 (2d Cir. 1998).

For the reasons set forth in greater detail below in Section III, infra, even putting prosecutorial immunity aside,  Plaintiff cannot establish that Ms. Cronin violated his constitutional rights. However, even if Plaintiff did sufficiently establish constitutional violations, it was

7

objectively reasonably for Defendant Cronin to believe her conduct was lawful. Courts in this Circuit have held that it is reasonable for state actors to rely upon the evidence gathered by law enforcement and the accounts of the complainants. *See Loria v. Gorman*, 306 F.3d 1271, 1289 (2d Cir. 2002) (holding that a state actor "cannot be held liable for a constitutional violation simply because the complaint turns out to have been false"). Even to the extent there was conflicting evidence, a prosecutor has the discretion to assess the evidence and decide whether to charge an individual, and with what, based on the evidence. *See Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011) ("Prosecutors are absolutely immune from suit only when acting as advocates and when their conduct involves the exercise of discretion"). In light of this clearly established precedent, it was objectively reasonable for Defendant Cronin to believe that her conduct was lawful, and she is therefore entitled to qualified immunity.

### III.    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM

Although Ms. Cronin is entitled to absolute immunity, each and every one of Plaintiffs' claims against Ms. Cronin would fail regardless of her prosecutorial immunity for the reasons set forth below.

*A.    Malicious Prosecution and False Arrest Claims*

Plaintiff brings § 1983 and state-law malicious prosecution claims against Ms. Cronin. *See* Dkt. No. 1 at ¶¶ 220-27, 302-16. To establish a §1983 malicious prosecution claim, the plaintiff "must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Fappiano v. City of New York*, 640 Fed. Appx. 115, 119 (2d Cir. 2016) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)). "In New York, '[t]he elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the

criminal proceeding and (4) actual malice.'"[2] *Davis v. City of New York*, 840 Fed. Appx. 631, 634 (2d Cir. 2021) (quoting *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 760 (2016)).

Plaintiff also alleges a false arrest claim pursuant to § 1983 and state-law against Ms. Cronin. *See* Dkt. No. 1 at ¶¶ 220-27, 302-16. "A § 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "Under New York law, an action for false arrest requires that the plaintiff show that '(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012).

In the context of both malicious prosecution and false arrest claims, the existence of probable cause is an absolute defense. *See Davis*, 840 Fed. Appx. at 634; *Gonzalez*, 728 F.3d at 155 (quoting *Weyant*, 101 F.3d at 852). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (quotations omitted) (cleaned up). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Id.* (citation omitted). If, after considering the available evidence, a state actor reasonably believes there to be probable cause, they are "not required to explore and eliminate every theoretically possible claim to innocence

---

[2] As a preliminary matter, Plaintiff does not sufficiently allege that Ms. Cronin acted with actual malice, but instead relies only on conclusory statements such as "Defendants did proceed with the prosecution out of malice; recklessness; willful blindness; and for ulterior motives including their own promotion, publicity, and appeasement of public pressure." Dkt. No. 1 at ¶ 187. This is wholly insufficient to state a claim for malicious prosecution.

9

before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). "[A]n officer may rely on a complaint to establish probable cause and cannot be held liable for a constitutional violation simply because the complaint turns out to have been false." *Loria*, 306 F.3d at 1289 (citing *Lee v. Sandberg*, 136 F.3d 94, 103 (2d Cir. 1997)).

An "indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (*Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)). As the Second Circuit has explained, "it is the plaintiff who bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment." *Debrosse v. City of New York*, 739 Fed. Appx. 48, 50 (2d Cir. 2018) (quotation omitted). "'[M]ere conjecture and surmise' are insufficient to overcome the presumption of probable cause resulting from the indictment." *Id.* (quotation omitted).

Here, in March 2022, a grand jury returned an indictment against Plaintiff. Dkt. No. 1 at ¶ 170. Despite Plaintiffs' conclusory allegations that certain evidence was not presented to the grand jury, there is no allegation or evidence to support the existence of the intentional and malicious kind of behavior necessary to rebut a presumption of probable cause. While Plaintiff contends that contradictory evidence regarding the veracity of the criminal complainant's claims existed, even assuming that is true, the existence of contradictory evidence does not negate probable cause. *See, e.g., Berie v. Stevenson*, No. 5:18-cv-119, 2019 WL 1017317, *5-6 (N.D.N.Y. Mar. 4, 2019). The allegations in the Complaint demonstrate the existence of sufficient evidence to establish probable cause. Therefore, Plaintiffs' malicious prosecution and false imprisonment claims should be dismissed.

B.     *Section 1983 Due Process Violation*

Plaintiffs' second cause of action against Ms. Cronin alleges violations of Plaintiffs' Fourteenth Amendment due process rights. Dkt. No. 1 at ¶¶ 228-36. Specifically, Plaintiff claims he was deprived of his liberty without due process of law and denied a fair trial based on the Defendant's alleged fabrication of evidence, withholding exculpatory and impeachment evidence, and deliberate failure to conduct a constitutionally adequate investigation. *Id.*

Plaintiffs' complaint is devoid of any specific allegations that Ms. Cronin fabricated evidence. Additionally, for the reasons set forth above, *supra* Section II, Plaintiffs' allegations – even if taken as true – do not rise to the level of a due process violation. *See Loria*, 306 F.3d at 1289 (holding that a state actor "cannot be held liable for a constitutional violation simply because the complaint turns out to have been false"). The Complaint demonstrates that Plaintiff received all exculpatory evidence in the BCDAO's possession well before any scheduled trial. Plaintiff alleges that he received the cell phone data information no later than February of 2023. Dkt. No. 1 at ¶ 186. Plaintiff Kweller's criminal defense attorney filed a motion to dismiss around the same time and the charges against Plaintiff Kweller were dismissed on May 31, 2023. *Id.* at ¶¶ 191-92. There can be no due process violation for failure of a prosecutor to obtain exculpatory evidence not in their possession. *Young v. Zon*, 827 F. Supp. 2d 144, 171 (W.D.N.Y. 2011) ("The rationale underlying *Brady* is that the defendant should not be denied access to exculpatory evidence only known to the government") (citing *United Staes v. Zackson*, 6 F.3d 911, 918 (2d Cir. 1993)). Nor "the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995).

C.  <u>Failure to Intervene</u>

Next, Plaintiff brings a § 1983 failure to intervene claim against Ms. Cronin. "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their

11

presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (citations omitted). "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: … (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." *Id.* (internal citations omitted).

Because, for the reasons set forth herein, Plaintiffs' malicious prosecution and due process claims fail, Plaintiffs' failure to intervene claim fails as well. *See Kayo v. Mertz*, 531 F. Supp. 3d 774 (S.D.N.Y. 2021) (citing *Weider v. City of New York*, 569 Fed. App'x 28, 30 (2d Cir. 2014)) (noting that a "plaintiff cannot succeed on a claim for failure to intervene under 1983 when there is no underlying constitutional violation"). Additionally, Plaintiff fails to plausibly allege that Ms. Cronin has a "realistic opportunity to intervene to prevent the harm from occurring." *See Anderson*, 17 F.3d at 556. For these reasons, Plaintiffs' failure to intervene claim must be dismissed.

D.     *Civil Rights Conspiracy*

Plaintiffs' fourth cause of action alleges a § 1983 civil rights conspiracy against all of the defendants. "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Plaintiff has failed to sufficiently allege that Defendant Cronin entered into an agreement with any other individual or entity to violate Plaintiffs' constitutional rights. Instead, Plaintiff relies upon vague and conclusory allegations. *See* Dkt. No. 1 at ¶¶ 297. Because Plaintiff does not allege specific facts demonstrating an agreement, the claim must be dismissed. *See Palmer v. City of New York*, 564 F. Supp. 3d 221, 252 (E.D.N.Y. 2021) (finding a conclusory allegation that "'defendants made an agreement to cover up'" information insufficient to survive a motion to dismiss)

12

(collecting cases). Additionally, because Plaintiffs' underlying constitutional claims fail for the reasons set forth above, his § 1983 conspiracy claim must be dismissed as well. *See Fiedler v. Incandela*, 222 F. Supp. 3d 141, 165 (E.D.N.Y. 2016) (noting that "it is well established that 'a § 1983 conspiracy claim fails as a matter of law where there is no underlying constitutional violation'") (citations omitted). Finally, there is no plausibly pleaded overt act attributed to Ms. Cronin taken in furtherance of any such agreement. For all of these reasons, Plaintiffs' 1983 civil rights conspiracy claim similarly fails.

E.  *State Law Intentional and Negligent Infliction of Emotional Distress*

Plaintiffs' ninth cause of action against Ms. Cronin alleges intentional, reckless, or negligent infliction of emotional distress under New York State law. Dkt. No. 1 at ¶¶ 317-21. Courts have long held that "'no intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability.'" *Thomas v. County of Putnum*, 262 F. Supp. 2d 241, 251 (S.D.N.Y. 2003) (quoting *Hansel v. Sheridan*, 991 F. Supp. 69, 75 (N.D.N.Y. 1998)). Because Plaintiffs' claims are based on alleged conduct which is encompassed by his claims for malicious prosecution and false arrest, his intentional and negligent infliction of emotional distress claims must be dismissed. *Id.* (citation omitted). Additionally, Plaintiff fails to make specific allegations that Ms. Cronin engaged in conduct which was so severe as to constitute "extreme and outrageous conduct." *See Newton v. City of New York*, 566 F.Supp.2d 256, 275 (S.D.N.Y. 2008) (citing *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993)).

F.  *Violations of the New York State Constitution*

Finally, Plaintiff brings a cause of action against Ms. Cronin alleging violations of the New York State Constitution. Dkt. No. 1 at ¶ 322-26. "District courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where … remedies are available under Section 1983." *Talarico v. Port Authority of New York and New*

13

*Jersey*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) (collecting cases). "Accordingly, where a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution, any claims brought under the state constitution are ordinarily dismissed." *Id.* (collecting cases). Here, because the basis of Plaintiffs' claims pursuant to the New York State Constitution – violation of due process and freedom from unreasonable searches and seizures – are remediable pursuant to § 1983, there is no basis for an independent cause of action to be brought under the New York State Constitution and his claim must be dismissed. Even if the Court were to consider Plaintiffs' New York State constitutional claims, they would fail for the reasons set forth above regarding Plaintiffs' § 1983 claims. *See Febres v. City of New York*, 283 F.R.D. 377, 392 (S.D.N.Y. 2006) (discussing the uniformity of protections under the New York State Constitution and the federal Constitution).

## CONCLUSION

For the foregoing reasons, Defendant Amanda Cronin respectfully requests the Court grant her motion to dismiss Plaintiffs' Complaint as against her in its entirety, with prejudice, together with such other and further relief the Court deems just and proper.

DATED: May 19, 2025

CAPEZZA HILL, LLP

_____
Benjamin W. Hill, Esq.
Alexandra N. von Stackelberg, Esq.
Attorneys for Amanda Cronin
30 South Pearl Street, P-110
Albany, New York 12207
(518) 478-6065
ben@capezzahill.com

14