**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LEOR KWELLER and ZOE LIBERMAN,

Plaintiffs,

v.

THE COUNTY OF BROOME, THE CITY OF
BINGHAMTON, MICHAEL A. KORCHAK, District
Attorney, in his individual capacity, MARK LOUGHRAN,
Chief Assistant District Attorney, in his individual capacity,
ALYSSA CONGDON, Assistant District Attorney, in her
individual capacity, AMANDA CRONIN, Assistant District
Attorney, in her individual capacity, JEFF J. WAGNER,
District Attorney Investigator, in his individual capacity,
JOSEPH ZIKUSKI, Binghamton Police Department Chief, in
his individual capacity, CORY MINOR, Binghamton Police
Department Captain, in his individual capacity, AMANDA
MILLER, Binghamton Police Department Investigator, in her
individual capacity, JOHN DOES 1–10, representing Broome
County District Attorneys Office and Police Department
Employees Whose Names Are Currently Unknown, HAILEY
DEMKOVICH, and SAMANTHA HERCEG,

Civil Action No.:
3:25-cv-343 (AJB/ML)

Defendants.

**DEFENDANT JEFF J. WAGNER'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

**HANCOCK ESTABROOK, LLP**
James J. O'Shea, Esq. (Bar Roll #516403)
Erica L. Masler, Esq. (Bar Roll #703595)
*Attorneys for Defendant Jeff J. Wagner*
1800 AXA Tower I, 100 Madison Street
Syracuse, New York 13202
Telephone: 315-565-4500
joshea@hancocklaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ....................................................................................................................... 1

STANDARD OF REVIEW ....................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

I.    All of Mr. Kweller's claims brought pursuant to 42 U.S.C. § 1983 must be dismissed for failure to allege Defendant Wagner's personal involvement...................................................... 3

II.    Mr. Kweller's Section 1983 claims against Defendant Wagner must be dismissed because Defendant Wagner's conduct is protected by qualified immunity.............................. 7

III.    Plaintiff's claims for false arrest and malicious prosecution claims must be dismissed because both his arrest and prosecution were grounded in probable cause. .............................. 8

IV.    Mr. Kweller's fair trial claim must be dismissed because (1) an inadequate investigation is not a constitutional violation; and (2) there are no allegations that Defendant Wagner fabricated evidence. ........................................................................................................... 13

V.    Mr. Kweller's claim for failure to intervene must be dismissed because (1) there is no underlying constitutional violation and (2) the complaint fails to plead that Defendant Wagner had a reasonable opportunity to intervene. ................................................................ 14

VI.    Mr. Kweller's Section 1983 conspiracy claim must be dismissed because it fails to adequately allege any of the necessary elements.................................................................... 16

VII.    Mr. Kweller's claim for emotional distress must be dismissed on multiple grounds. .... 18

VIII. Mr. Kweller's state-law claims for false arrest and emotional distress are untimely and must be dismissed. ................................................................................................................ 21

IX.    Mr. Kweller's claim for violation of the New York State Constitution must be dismissed............................................................................................................................... 23

X.    Any claims purportedly asserted by Ms. Liberman must be dismissed. ......................... 23

CONCLUSION........................................................................................................................ 24

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amador v. United States*,
No. 20-cv-10492, 2022 WL 902783 (S.D.N.Y. Mar. 28, 2022) ..............................................12

*Anderson v. Branen*,
17 F.3d 552 (2d Cir. 1994) ..........................................................................................................14

*Anderson v. City of Mount Vernon*,
No. 23-cv-3963, 2024 WL 2158390 (S.D.N.Y. May 13, 2024) ............................................15

*Andrews v. Town of West Seneca*,
No. 21-cv-746, 2025 WL 959658 (W.D.N.Y. Mar. 31, 2025) ...............................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................................2, 4

*Ashley v. City of N.Y.*,
992 F.3d 128 (2d Cir. 2021) ..................................................................................................11, 14

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) ...........................................................................................................2

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) ...................................................................................................4, 5

*Baxton v. Artus*,
No. 13-cv-6635, 2015 WL 8958773 (W.D.N.Y. Dec. 15, 2015) ...........................................24

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................................................2

*Burrell v. DOCCS*,
655 F. Supp. 3d 112 (N.D.N.Y. 2023) .......................................................................................4

*Coleman v. Worster*,
140 A.D.3d 1002 (2d Dep't 2016) .............................................................................................22

*Corazzini v. Litton Loan Servicing LLP*,
No. 09-cv-199, 2010 WL 1132683 (N.D.N.Y. Mar. 23, 2010) .................................................4

*Cruz v. City of New York*,
232 F. Supp. 3d 438 (S.D.N.Y. 2017) .........................................................................................9

ii

*D'Angelo v. City of Lockport*,
    No. 19-cv-221, 2023 WL 6810274 (W.D.N.Y. Oct. 16, 2023) ...........................................21

*Delaney v. City of Albany*,
    No. 18-cv-1259, 2019 WL 125769 (N.D.N.Y. Jan. 7, 2019) ..................................................20

*Escalera v. Lunn*,
    361 F.3d 737 (2d Cir. 2004)...........................................................................................8, 9

*Forney v. Forney*,
    96 F. Supp. 3d 7 (E.D.N.Y. 2015) .......................................................................................15

*Francis v. Kings Park Manor, Inc.*,
    992 F.3d 67 (2d Cir. 2021)..................................................................................................19

*Garland v. City of New York*,
    665 F. Supp. 3d 295 (E.D.N.Y. 2023) .................................................................................17

*Green-Page v. United States*,
    No. 20-cv-837, 2024 WL 3584194 (W.D.N.Y. July 30, 2024) ............................................18

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982).............................................................................................................7

*Harrington v. County of Suffolk*,
    607 F.3d 31 (2d Cir. 2010)..................................................................................................13

*Harrison v. County of Nassau*,
    No. 15-cv-2712, 2016 WL 4083381 (E.D.N.Y. Aug. 1, 2016) ............................................17

*Harry v. McDonald*,
    No. 21-cv-1355, 2022 WL 3576676 (D. Conn. Aug. 19, 2022)............................................6

*Hicks v. City of New York*,
    232 F. Supp. 3d 480 (S.D.N.Y. 2017), *vacated in other part sub nom. Hicks v.
    Marchman*, 719 F. App'x 61 (2d Cir. 2018)............................................................................8

*Howell v. N.Y. Post Co.*,
    81 N.Y.2d 115 (1993) .........................................................................................................18

*Israel v. City of New York*,
    No. 16-cv-6809, 2018 WL 11219076 (S.D.N.Y. Sept. 29, 2018) ...................................10, 11

*Jaegly v. Couch*,
    439 F.3d 149 (2d Cir. 2006)...........................................................................................9, 10

*Johnson v. City of New York*,
    No. 15-cv-8195, 2017 WL 2312924 (S.D.N.Y. May 26, 2017) .............................................6

iii

*Jordan v. Lipsig, Sullivan, Mollen & Liapakis, P.C.*,
689 F. Supp. 192 (S.D.N.Y. 1988) ...............................................24

*Jovanovic v. City of New York*,
486 F. App'x 149 (2d Cir. 2012) ...............................................13

*Joyner v. County of Cayuga*,
No. 20-cv-60, 2020 WL 1904088 (N.D.N.Y. Apr. 17, 2020)................20

*Kee v. City of New York*,
12 F.4th 150 (2d Cir. 2021) ...............................................10

*Kim v. Kimm*,
884 F.3d 98 (2d Cir. 2018).....................................................2

*Lancellotti v. Howard*,
155 A.D.2d 588 (2d Dep't 1989) ...............................................19

*Lewis v. City of New York*,
591 F. App'x 21 (2d Cir. 2015) ...............................................13

*Livingston v. Hoffnagle*,
No. 19-cv-353, 2019 WL 7500501 (N.D.N.Y. Nov. 8, 2019)................17

*Matthews v. City of New York*,
889 F. Supp. 2d 418 (E.D.N.Y. 2012) ...............................................15

*McGown v. City of New York*,
No. 09-cv-8646, 2010 WL 3911458 (S.D.N.Y. Sept. 9, 2010) ...........19

*Mitchell v. Cty. of Nassau*,
786 F. Supp. 2d 545 (E.D.N.Y. 2011) ...............................................16

*Mollica v. Volker*,
229 F.3d 366 (2d Cir. 2000)......................................................7

*Moore v. City of New York*,
219 F. Supp. 2d 335 (E.D.N.Y. 2002) ...............................................20

*Murphy v. Am. Home Prod. Corp.*,
58 N.Y.2d 293 (1983) ...............................................18

*Murphy v. City of Rochester*,
986 F. Supp. 2d 257 (W.D.N.Y. 2013) ...............................................20

*Naccarato v. Scarselli*,
124 F. Supp. 2d 36 (N.D.N.Y. 2000).....................................20

iv

*Newton v. City of New York*,
566 F. Supp. 2d 256 (S.D.N.Y. 2008) ..................................................................7

*Nunez v. City of New York*,
No. 14-cv-4182, 2016 WL 1322448 (S.D.N.Y. Mar. 31, 2016) ...........................9

*T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*,
No. 11-cv-5133, 2012 WL 860367 (S.D.N.Y. Feb. 27, 2012) .............................24

*People v. Lancaster*,
69 N.Y.2d 20 (1986) ...........................................................................................12

*Peterson v. Regina*,
935 F. Supp. 2d 628 (S.D.N.Y. 2013) ...............................................................11

*Pierce v. City of New York*,
293 F. Supp. 3d 306 (E.D.N.Y. 2017) ................................................................15

*Provost v. City of Newburgh*,
262 F.3d 146 (2d Cir. 2001) ..................................................................................4

*Rentas v. Ruffin*,
816 F.3d 214 (2d Cir. 2016) ..........................................................................21, 22

*Richard v. Dignean*,
126 F. Supp. 3d 334 (W.D.N.Y. 2015) ...............................................................17

*Rodriguez v. City of New York*,
623 F. Supp. 3d 225 (S.D.N.Y. 2022) ...............................................................23

*Roe v. St. John's Univ.*,
91 F.4th 643 (2d Cir. 2024) ...............................................................................2, 3

*Ruggiero v. Phillips*,
292 A.D.2d 41 (4th Dep't 2002) .........................................................................21

*Rutherford v. City of Mount Vernon*,
698 F. Supp. 3d 574 (S.D.N.Y. 2023) ...............................................................11

*Savino v. City of New York*,
331 F.3d 63 (2d Cir. 2003) .................................................................................12

*Singer v. Fulton Cty. Sheriff*,
63 F.3d 110 (2d Cir. 1995) .................................................................................10

*Spavone v. New York State Dep't of Corr. Servs.*,
719 F.3d 127 (2d Cir. 2013) .................................................................................3

v

*Stevenson v. New York State Dep't of Corr. & Cmty. Supervision,*
  No. 21-cv-355, 2022 WL 179768 (W.D.N.Y. Jan. 20, 2022)....................................................4

*Stokes v. City of New York,*
  No. 05-cv-0007, 2007 WL 1300983 (E.D.N.Y. May 3, 2007)................................................13

*Sylvester v. City of New York,*
  23 Misc.3d 1139(A), (Sup. Ct. 2009) ...................................................................................18

*Talarico v. Port Auth. of N.Y. & N.J.,*
  367 F. Supp. 3d 161 (S.D.N.Y. 2019)...................................................................................23

*Tangreti v. Bachmann,*
  983 F.3d 609 (2d Cir. 2020)..................................................................................................4

*Terebesi v. Torreso,*
  764 F.3d 217 (2d Cir. 2014)................................................................................................14

*Torres v. Jones,*
  26 N.Y.3d 742 (2016) .........................................................................................................10

*Warren v. Fischl,*
  33 F. Supp. 2d 171 (E.D.N.Y. 1999) ..................................................................................16

*Watt v. City of New York,*
  740 F. Supp. 3d 212 (E.D.N.Y. 2024) .................................................................................22

*Webb v. Goord,*
  340 F.3d 105 (2d Cir. 2003)................................................................................................16

*Werner v. Selene Fin., LLC,*
  No. 17-cv-6514, 2019 WL 1316465 (S.D.N.Y. Mar. 22, 2019)............................................19

*Weyant v. Okst,*
  101 F.3d 845 (2d Cir. 1996)..................................................................................................8

*White v. Cty. of Dutchess,*
  No. 15-cv-8744, 2016 WL 4449720 (S.D.N.Y. Aug. 23, 2016)............................................17

*Williams v. Carpenter,*
  214 F. Supp. 3d 197 (W.D.N.Y. 2016) ................................................................................13

*Williams v. Novoa,*
  No. 19-cv-11545, 2022 WL 161479 (S.D.N.Y. Jan. 18, 2022) ..............................................6

*Wilson v. Erra,*
  94 A.D.3d 756 (2d Dep't 2012) ...........................................................................................22

4934-8561-5692, v. 1

*Wilson v. Faulkner*,
    20-cv-104, 2024 WL 1285459 (N.D.N.Y. Mar. 26, 2024) ....................................................9

*Yang Feng Zhao v. City of New York*,
    656 F. Supp. 2d 375 (S.D.N.Y. 2009) ...................................................................................20

*Zalewski v. T.P. Builders, Inc.*,
    No. 10-cv-876, 2011 WL 3328549 (N.D.N.Y. Aug. 2, 2011) ...................................................4

**Statutes**

42 U.S.C. § 1983 ............................................................................................ *passim*

GML § 50-i .............................................................................................................21, 22

**Other Authorities**

Broome County Administrative Code § 28-1 ..............................................................21

CPLR 215(3) .............................................................................................................22

New York State Constitution Article I, §§ 6, 12 ......................................................3, 23

## PRELIMINARY STATEMENT

Plaintiffs Leor Kweller ("Mr. Kweller") and Zoe Liberman ("Ms. Liberman") commenced this civil rights action against numerous defendants, asserting a variety of claims under 42 U.S.C. § 1983 and state law. Mr. Kweller alleges that he, his brother, and his brother's business partner were falsely accused of rape. (Dkt. No. 1 at ¶ 1). He further alleges that the police and district attorney's office failed to conduct a proper investigation, resulting in his arrest without probable cause and his prosecution in violation of his constitutional and civil rights. (*Id.* at ¶ 2). The charges against Mr. Kweller were dismissed by the court as legally insufficient, and Mr. Kweller alleges he suffered harm to his reputation, career, and personal life. (*Id.* at ¶¶ 3, 4).

Defendant Jeff J. Wagner was an investigator for the Broome County District Attorney's Office. (*Id.* at ¶ 22). Of the 339 paragraphs set forth in the complaint, just two detail Defendant Wagner's role in the circumstances at issue, to wit: that he allegedly failed to pick up a folder containing evidence Plaintiffs maintain was exculpatory. (*Id.* at ¶¶ 116–117). Because the complaint fails to set out in any meaningful way Defendant Wagner's personal involvement in the events in question, and for the other reasons set forth below, the claims against Defendant Wagner must be dismissed with prejudice.

## BACKGROUND

Following a night of partying in late November 2021, defendants Hailey Demkovich and Samatha Herceg accused Mr. Kweller of rape. (*Id.* at ¶¶ 1, 28). The accusations culminated in criminal charges, arrest, and prosecution. (*Id.* at ¶ 3). In relevant part, Mr. Kweller alleges that Herceg and Demkovich's attorney emailed defendant Assistant District Attorney Alyssa Congdon in January 2022 informing her that he had a "folder containing printouts of electronic data" from Herceg's and Demkovich's telephones (what the complaint dubs the "Saitta Folder"). (*Id.* at ¶ 115). The complaint further alleges that "Defendant Congdon directed Defendant

1

Wagner to retrieve the Saitta Folder from Mr. Saitta," but "[n]either Defendant Wagner, Defendant Congdon or anyone else from [the Broome County District Attorney's Office] or [Binghamton Police Department] ever retrieved the Saitta Folder." (*Id.* at ¶¶ 116–117). Mr. Kweller's counsel ultimately received the records in Saitta's possession, by subpoena, in July 2023. (*Id.* at ¶ 117(e)).

Mr. Kweller was arrested in February 2022 and charged with rape in the third degree and sexual abuse in the first degree. (*Id.* at ¶¶ 132–134, 136). In May 2023, the Broome County Court dismissed the charges against Mr. Kweller before trial, concluding that the "prosecution's theory that Defendant Herceg was unable to consent by reason of physical helplessness" was "impossible." (*Id.* at ¶ 192). Although a notice of appeal of the decision dismissing the indictment as to Mr. Kweller was filed, the appeal was subsequently withdrawn by a special prosecutor. (*Id.* at ¶¶ 196, 202–203).

## STANDARD OF REVIEW

When the legal sufficiency of a complaint is challenged under Rule 12(b)(6), a district court must accept as true all well-pleaded facts and draw all reasonable inferences in the favor of the pleader. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although factual allegations in the complaint are assumed true, this rule does not extend to legal conclusions. *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d

2

Cir. 2024). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT

As against Defendant Wagner, Mr. Kweller asserts causes of action for (1) false arrest and malicious prosecution under both 42 U.S.C. § 1983 and state law (first and eighth causes of action) (Dkt. No. 1 at ¶¶ 220–227, 302–316); (2) deprivation of liberty without due process of law and denial of a fair trial pursuant to 42 U.S.C. § 1983 (second cause of action) (*id.* at ¶¶ 228–236); (3) failure to intervene pursuant to 42 U.S.C. § 1983 (third cause of action) (*id.* at ¶¶ 237–242); (4) conspiracy pursuant to 42 U.S.C. § 1983 (seventh cause of action) (*id.* at ¶¶ 296–301); (5) intentional, reckless, or negligent infliction of emotional distress (ninth cause of action) (*id.* at ¶¶ 317–321); (6) and violation of Article I, §§ 6, 12 of the New York State Constitution (tenth cause of action) (*id.* at ¶¶ 322–326). The only claim Ms. Liberman, Mr. Kweller's wife, appears to assert is a derivative loss of consortium claim, although any such claim is not separately enumerated. *See generally* Dkt. No. 1.

None of Plaintiffs' causes of action alleges a legally viable claim against Defendant Wagner, such that all claims against Defendant Wagner should be dismissed with prejudice.

### I.    All of Mr. Kweller's claims brought pursuant to 42 U.S.C. § 1983 must be dismissed for failure to allege Defendant Wagner's personal involvement.

An individual defendant may not be held liable under Section 1983 unless the plaintiff pleads and proves the defendant's personal involvement in the alleged constitutional deprivation. *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995))). Plaintiffs must plead and prove "that each Government-

official defendant, through the official's own individual actions, has violated the Constitution."

*Iqbal*, 556 U.S. at 676; *see also Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

"Personal involvement" means direct participation, such as "personal participation by one who

has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as

"ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146,

155 (2d Cir. 2001) (citations and footnote omitted). "[T]o prevail on a Section 1983 cause of

action against an individual, a plaintiff must show 'a tangible connection between the acts of a

defendant and the injuries suffered.'" *Burrell v. DOCCS*, 655 F. Supp. 3d 112, 124 (N.D.N.Y.

2023) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)).

　　"[B]ecause the personal involvement of a defendant is a prerequisite to an award of

damages under § 1983, a plaintiff cannot rely on a group pleading against all defendants without

making specific individual factual allegations." *Stevenson v. New York State Dep't of Corr. &*

*Cmty. Supervision*, No. 21-cv-355, 2022 WL 179768, at *10 (W.D.N.Y. Jan. 20, 2022); *see also*

*Corazzini v. Litton Loan Servicing LLP*, No. 09-cv-199, 2010 WL 1132683, at *10 (N.D.N.Y.

Mar. 23, 2010) ("[T]he complaint lumps together all of the defendants in each claim without

providing any factual allegations to distinguish their conduct, and accordingly dismissal of the

complaint in its entirety is warranted."); *Zalewski v. T.P. Builders, Inc*., No. 10-cv-876, 2011 WL

3328549, at *5 (N.D.N.Y. Aug. 2, 2011) ("The court will not accept . . . vague group pleading to

serve as a basis for liability.").

　　Group pleading violates Federal Rule of Civil Procedure 8. "Although [Rule] 8 does not

demand that a complaint be a model of clarity or exhaustively present the facts alleged, it

requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's

claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34

(2d Cir. 2001) (summary order) (quotation marks and citation omitted). A plaintiff cannot satisfy this minimal standard "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Id.*

Here, the complaint pleads exactly one factual allegation against Defendant Wagner: that "Defendant Congdon directed Defendant Wagner to retrieve the Saitta Folder from Mr. Saitta," and that "[n]either Defendant Wagner, Defendant Congdon or anyone else . . . ever retrieved the Saitta Folder." (Dkt. No. 1 at ¶¶ 116, 117(a)). There are no other allegations of any action or conduct undertaken by Defendant Wagner. Rather, at most Defendant Wagner is simply "lump[ed] in" with other defendants, with no indication of what alleged personal conduct he undertook or how that alleged personal conduct caused the alleged constitutional violations:

- In the claim for false arrest and malicious prosecution, Plaintiffs allege that "Defendants Korchak, Congdon, Cronin, Wagner, Minor, Zikuski, and Miller . . . acting individually and in concert, caused [Mr. Kweller] to be falsely arrested, charged, and prosecuted . . . ." (*Id.* at ¶ 221). The supporting allegations only name those listed as a group ("these Defendants"). (*Id.* at ¶¶ 222, 223, 224, 226, 227).

- In the claim alleging deprivation of liberty and denial of a fair trial, Plaintiffs allege that "Defendants Korchak, Congdon, Cronin, Wagner, Minor and Miller, acting individually and in concert, deprived [Mr. Kweller] of his clearly established constitutional right . . . to due process." (*Id.* at ¶ 229). The supporting allegations only name those listed as a group ("these Defendants"). (*Id.* at ¶¶ 230–233, 235–236).

5

- In the claim alleging failure to intervene, Plaintiffs allege that "Defendants Korchak, Loughran, Congdon, Cronin, Wagner, Minor, Miller and Zikuski had opportunities to intervene on behalf of [Mr. Kweller] to prevent his false arrest . . . ." (*Id.* at ¶ 238). The supporting allegations only name those listed as a group ("these Defendants"). (*Id.* at ¶¶ 239, 241–242).

- Similarly, in the claim alleging a civil rights conspiracy, Plaintiffs allege only that "Defendants" "agreed among themselves and with other individuals to act in concert" to deprive Mr. Kweller of his constitutional rights. (*Id.* at ¶ 297).

In each of these cases, there are no allegations distinguishing Defendant Wagner's conduct from the conduct of the other defendants.

In the absence of any allegations of personal, individual actions or conduct undertaken *by Defendant Wagner* which state a claim, Plaintiffs' Section 1983 claims for false arrest and malicious prosecution, deprivation of liberty and denial of a fair trial, failure to intervene, and conspiracy must be dismissed with prejudice. *See Harry v. McDonald*, No. 21-cv-1355, 2022 WL 3576676, at *4 (D. Conn. Aug. 19, 2022) (dismissing Section 1983 claims "for failure to adequately allege the personal involvement of defendants"); *see also Williams v. Novoa*, No. 19-cv-11545, 2022 WL 161479, at *10 (S.D.N.Y. Jan. 18, 2022) (dismissing Section 1983 action against individual defendants where complaint "fail[ed] to explain what each Board Member did to violate Plaintiff's rights") (collecting cases); *Johnson v. City of New York*, No. 15-cv-8195, 2017 WL 2312924, at *10 (S.D.N.Y. May 26, 2017) (dismissing Section 1983 claim where complaint "fails to satisfy the personal-involvement requirement because [it] relies entirely on impermissible group pleading and fails to specify which defendant or defendants were involved").

## II.    Mr. Kweller's Section 1983 claims against Defendant Wagner must be dismissed because Defendant Wagner's conduct is protected by qualified immunity.

Qualified immunity protects a public official from liability for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A constitutional right is "clearly established" for the purposes of determining whether an officer is entitled to qualified immunity when the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that *in the light of pre-existing law the unlawfulness must be apparent*." *Mollica v. Volker*, 229 F.3d 366, 370–71 (2d Cir. 2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (emphasis in original).

Here, Defendant Wagner's alleged conduct—the failure to pick up a folder Plaintiffs maintain contained exculpatory evidence—is not a violation of a clearly established constitutional right. Indeed, the opposite is true: there is no constitutional right to an adequate investigation. *See Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008). In *Robinson v. City of New York*, the district court found a police officer entitled to qualified immunity where plaintiff alleged that the officer failed to conduct an adequate investigation. No. 15-cv-5850, 2017 WL 2414811, at *6 (S.D.N.Y. June 2, 2017). There, as part of a police investigation following plaintiff's indictment on drug charges, a police officer went "to the New York Times building to request video footage that might have confirmed or disproved" whether the plaintiff exchanged drugs for money. *Id*. at *2. However, the video was not available—more than 30 days had passed, and the video was written over in the normal course of business. *Id*. The plaintiff was acquitted and brought a variety of Section 1983 claims against the police

7

officer and others involved in his arrest and indictment. *Id.* at *1–2. The district court found that

the officer tasked with obtaining the security footage was entitled to qualified immunity on the

plaintiff's fair trial claim, in relevant part because the officer was not under a legal duty to obtain

the tape. *Id.* at *7. It was therefore "objectively reasonable" for the officer "to believe that his

actions were lawful at the time of the challenged act." *Id.*; *see also Hicks v. City of New York*,

232 F. Supp. 3d 480, 495 (S.D.N.Y. 2017) ("[T]here is no constitutional right to an adequate

investigation. A police officer's failure to pursue a particular investigative path is not a

constitutional violation.") (internal quotation marks and citations omitted), *vacated in other part*

*sub nom. Hicks v. Marchman*, 719 F. App'x 61 (2d Cir. 2018). Because it was "objectively

reasonable" for Defendant Wagner "to believe his actions were lawful at the time of the

challenged act," he is entitled to qualified immunity on each of the Section 1983 claims alleged

against him, with prejudice.

### III.    Plaintiff's claims for false arrest and malicious prosecution claims must be dismissed because both his arrest and prosecution were grounded in probable cause.

To prevail on a claim for false arrest, both under 42 U.S.C. § 1983 and New York law, a

plaintiff must establish that "the defendant intentionally confined him without his consent and

without justification." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004); *Weyant v. Okst*, 101

F.3d 845, 852 (2d Cir. 1996) (noting that a Section 1983 claim for false arrest is "substantially

the same as a claim for false arrest under New York law"). The existence of probable cause to

arrest "constitutes justification and is a complete defense to an action for false arrest." *Weyant*,

101 F.3d at 852 (quotation marks and citation omitted). "Probable cause to arrest exists when the

arresting officer has knowledge or reasonably trustworthy information of facts and circumstances

that are sufficient to warrant a person of reasonable caution in the belief that the person to be

4934-8561-5692, v. 1

arrested has committed or is committing a crime." *Escalera*, 361 F.3d at 743 (citation and internal quotation marks omitted).

Here, the complaint lacks any allegations that Defendant Wagner played any role in Mr. Kweller's arrest, requiring dismissal of both false arrest claims against him. *See Nunez v. City of New York*, No. 14-cv-4182, 2016 WL 1322448, at *6 (S.D.N.Y. Mar. 31, 2016) (dismissing false arrest claim against assistant district attorney where "the Amended Complaint [] fails to plead any facts suggesting that she was personally involved in the decision to arrest Plaintiff or to detain him pre-arraignment"); *see also Wilson v. Faulkner*, 20-cv-104, 2024 WL 1285459 at *10 (N.D.N.Y. Mar. 26, 2024) (summary judgment granted for failure to demonstrate personal involvement in arrest) (collecting cases); *Cruz v. City of New York*, 232 F. Supp. 3d 438, 455 (S.D.N.Y. 2017) (dismissing false arrest claim for lack of personal involvement by officer where officer did not come into contact with plaintiff until after plaintiff was arrested). In fact, the complaint expressly alleges that ADA Congdon "decided" that Mr. Kweller should be arrested, and that the arrest was "effectuated and processed by members of the [Binghamton Police Department]." (Dkt. No. 1 ¶ 128).

Moreover, the allegations in the complaint indicate that Mr. Kweller's arrest was amply supported by probable cause, and "the existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Demkovich and Herceg both gave sworn testimony to the Binghamton Police Department that they were sexually assaulted by Mr. Kweller and his co-defendants. (Dkt. No. 1 at ¶¶ 76–79). The two were interviewed by Binghamton Police officers, and underwent forensic rape kits.  (*Id.* at ¶¶ 78, 175(a)). Both provided the police with text messages and photographs demonstrating they were with the Plaintiff and his co-defendants. (*Id.* at ¶ 79). And while there was some surveillance

footage, there were no cameras where the assault allegedly occurred. (*Id.* at ¶¶ 48–57, 88–89). Officers are "not required to explore and eliminate every plausible claim of innocence before making an arrest." *Jaegly*, 439 F.3d at 153. On the facts as pleaded in the complaint, then, there was probable cause supporting Mr. Kweller's arrest. *See, e.g.*, *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.").

To plead a claim for malicious prosecution under both New York and federal law, a plaintiff must allege: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Kee v. City of New York*, 12 F.4th 150, 161–62 (2d Cir. 2021) (quotation marks and citation omitted). To satisfy the first element of a malicious prosecution claim against a police officer, the "plaintiff must show that the officer brought formal charges and had the person arraigned, or filled out complaining and corroborating affidavits or swore to and signed a felony complaint." *Israel v. City of New York*, No. 16-cv-6809, 2018 WL 11219076, at *6 (S.D.N.Y. Sept. 29, 2018) (cleaned up). "[A] defendant other than a public prosecutor may be liable [for malicious prosecution] for supplying false information to the prosecutor in substantial furtherance of a criminal action against the plaintiff." *Torres v. Jones*, 26 N.Y.3d 742, 760–61 (2016).

The complaint here is devoid of any allegations that Defendant Wagner "brought formal charges and had [Mr. Kweller] arraigned," or that he "filled out complaining and corroborating affidavits or swore to and signed a felony complaint." *Israel*, 2018 WL 11219076, at *6. Nor are

there any allegations that Defendant Wagner "initiate[d] a prosecution by creating material, false information and forwarding that information to a prosecutor or by withholding material information from a prosecutor." *Id.* (quotation marks omitted); *see also Rutherford v. City of Mount Vernon*, 698 F. Supp. 3d 574, 602–03 (S.D.N.Y. 2023) (dismissing claims against defendants who did not actively participate in plaintiff's arrest).

The malicious prosecution claim also fails because the complaint pleads that Mr. Kweller was indicted by a grand jury (Dkt. No. 1 at ¶ 170), and "[t]he existence of probable cause to pursue a prosecution is presumed when an individual is indicted by a grand jury." *Peterson v. Regina*, 935 F. Supp. 2d 628, 642 (S.D.N.Y. 2013) (collecting cases). "This presumption is rebuttable only 'by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (citing *Savino v. City of New York*, 331 F.3d 63, 69 (2d Cir. 2003)). "The required showing must be of misconduct so serious as to 'erode the premise that the grand jury acts judicially.'" *Id.* (citing *Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004)). Here, the complaint lacks any allegations of misconduct necessary to rebut the presumption of probable cause.

Mr. Kweller attempts to ground both his false arrest and malicious prosecution claims against Defendant Wagner on conclusory allegations that he both fabricated evidence and withheld exculpatory evidence. "To succeed on a fabricated-evidence claim, a plaintiff must establish that an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[red] a deprivation of life, liberty, or property as a result." *Ashley v. City of N.Y.*, 992 F.3d 128, 139 (2d Cir. 2021) (internal quotation marks and citation omitted). The complaint offers no insight into what evidence Defendant Wagner allegedly fabricated, or what evidence he allegedly

11

withheld, as the failure to retrieve a folder cannot be considered a fabrication of evidence, or even a withholding of evidence.

Mr. Kweller also rests his claim on a failure to conduct an adequate investigation, but as discussed above, there is no constitutional right to an adequate investigation. Moreover, even assuming arguendo that such a right exists, simply failing to retrieve a folder is not enough to establish such a violation. The complaint does not even allege that Defendant Wagner knew the folder contained allegedly exculpatory material—it simply alleges that ADA Congdon directed Defendant Wagner to collect the folder, and that he failed to do so. (Dkt. No. 1 at ¶¶ 116, 117(a)). It is questionable whether being asked to retrieve a folder, without more, even constitutes investigatory activity.

Plaintiffs' allegations that the indictment was obtained by fraud, or by withholding exculpatory evidence from the grand jury (Dkt. No. 1 at ¶ 168), cannot overcome the presumption of probable cause. Prosecutors "enjoy wide discretion in presenting their case to the Grand Jury" and "are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused." *People v. Lancaster*, 69 N.Y.2d 20, 25–26 (1986); *see also Savino*, 331 F.3d at 75 (noting the assistant district attorney "had the discretion and authority to decide what evidence to present to the grand jury," and "was under no duty to present every item of arguably exculpatory evidence in seeking an indictment").

Finally, Plaintiffs fail to adequately allege actual malice by Defendant Wagner as required to state a malicious prosecution claim. "Actual malice does not require spite or hatred, but only allegations that 'the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" *Amador v. United States*, No. 20-cv-10492, 2022 WL 902783, at * 6 (S.D.N.Y. Mar. 28, 2022)

4934-8561-5692, v. 1

(quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996)). There are no allegations in the complaint plausibly suggesting that Defendant Wagner was involved in the initiation of the criminal proceeding against Mr. Kweller, much less that Defendant Wagner acted with malice. *See, e.g.*, *Lewis v. City of New York*, 591 F. App'x 21, 22 (2d Cir. 2015) (summary order) ("[C]onclusory allegations are insufficient to counter the presumption of probable cause, and to allow a court to draw the reasonable inference that the grand jury's indictment was a result of fraud or other misconduct.").

At bottom, "[e]ven giving plaintiff's allegations the most generous reasonable construction, he alleges no more than poor police work. That is not enough to support a malicious-prosecution claim, or a § 1983 claim in general." *Williams v. Carpenter*, 214 F. Supp. 3d 197, 201 (W.D.N.Y. 2016).

### IV. Mr. Kweller's fair trial claim must be dismissed because (1) an inadequate investigation is not a constitutional violation; and (2) there are no allegations that Defendant Wagner fabricated evidence.

"A person suffers a constitutional violation if an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order).

The conclusory allegations of the complaint fail to state a claim for denial of a fair trial against Defendant Wagner. Even assuming arguendo that not picking up a folder containing allegedly exculpatory evidence constitutes a substantive investigative task, the claim would still fail because there is no constitutional right to an adequate investigation. *See, e.g.*, *Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (holding that there is no constitutionally protected right to have a government investigation of alleged wrongdoing); *Stokes v. City of New*

13

*York*, No. 05-cv-0007, 2007 WL 1300983, at *6 (E.D.N.Y. May 3, 2007) ("[I]t is well-settled that there is no independent claim for a police officer's purported failure to investigate.").

The complaint also fails to state a claim that Defendant Wagner fabricated evidence. To establish fabrication, plaintiff must show that "the defendant knowingly [made] a false statement or omission." *Ashley*, 992 F.3d at 143. There are no allegations in the complaint that Defendant Wagner made a knowingly false statement. Nor does the complaint adequately plead that Defendant Wagner knowingly omitted information. Even accepting Plaintiffs' contention that the Saitta Folder contained exculpatory information, there is no allegation that Defendant Wagner knew what the contents of the Saitta Folder were. The complaint simply alleges that Defendant Wagner was directed to pick up the folder, and that he failed to do so. Without any allegations such as what evidence was fabricated or withheld, or how Defendant Wagner participated in such alleged misconduct, the claim for denial of a fair trial must be dismissed with prejudice.

**V.    Mr. Kweller's claim for failure to intervene must be dismissed because (1) there is no underlying constitutional violation and (2) the complaint fails to plead that Defendant Wagner had a reasonable opportunity to intervene.**

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)). "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." *Anderson*, 17 F.3d at 557 (internal citations omitted). "In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring." *Id.*

14

As an initial matter, if the Court dismisses the other Section 1983 claims, then the failure to intervene claim must be dismissed because there are no underlying constitutional violations. *See Forney v. Forney*, 96 F. Supp. 3d 7, 13 (E.D.N.Y. 2015) ("[T]here can be no failure to intervene claim without a primary constitutional violation."); *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443–44 (E.D.N.Y. 2012) ("[T]he failure to intervene claim is contingent upon the disposition of the primary claims underlying the failure to intervene claim.").

Further, there are no facts alleged in the complaint that would suggest Defendant Wagner knew, or had reason to know, that the alleged constitutional violations were to occur. Simply being an investigator for the District Attorney's office who failed to pick up a folder is not enough to plausibly allege that Defendant Wagner knew, or had reason to know, that the subsequent alleged constitutional violations would occur. Again, the complaint does not allege that Defendant Wagner knew what the contents of the folder were, or that he knew the folder contained allegedly exculpatory material. The complaint does not allege that Defendant Wagner was present at Mr. Kweller's arrest, that he participated in the decision to arrest Mr. Kweller, or that he participated in the decision to prosecute Mr. Kweller. Absent such allegations, it is impossible to draw the inference that Defendant Wagner had a "realistic opportunity" to intervene to prevent the harm from occurring. *Cf. Pierce v. City of New York*, 293 F. Supp. 3d 306, 313 (E.D.N.Y. 2017) (noting that even an "officer's presence on the scene" of an alleged constitutional violation is not enough to establish liability). Similarly, here the complaint does not allege what opportunity Defendant Wagner had to intervene, and thus the claim against Defendant Wagner must be dismissed with prejudice. *See, e.g.*, *Anderson v. City of Mount Vernon*, No. 23-cv-3963, 2024 WL 2158390, at *2–3 (S.D.N.Y. May 13, 2024) (dismissing failure to intervene claim where the complaint failed to "specif[y]which Defendants failed to

15

intervene, the opportunity they had to intervene, or what constitutional rights were violated")
(collecting cases).

> **VI.    Mr. Kweller's Section 1983 conspiracy claim must be dismissed because it
> fails to adequately allege any of the necessary elements.**

As explained above, there is no underlying constitutional violation here, which is fatal to
Mr. Kweller's Section 1983 conspiracy claim. *See Mitchell v. Cty. of Nassau*, 786 F. Supp. 2d
545, 564 (E.D.N.Y. 2011) ("[A] § 1983 conspiracy claim fails as a matter of law where there is
no underlying constitutional violation.").

Additionally, the complaint fails to plead the elements necessary to set forth a cognizable
claim for Section 1983 conspiracy. "To survive a motion to dismiss on a section 1983 conspiracy
claim, the plaintiff must allege 1) an agreement between two or more state actors, 2) concerted
acts to inflict an unconstitutional injury, and 3) an overt act in furtherance of the goal." *Andrews
v. Town of West Seneca*, No. 21-cv-746, 2025 WL 959658, at *16 (W.D.N.Y. Mar. 31, 2025)
(citation omitted). "A complaint that includes vague allegations and fails to include specific
instances of misconduct will not withstand a motion to dismiss." *Id.* (citation omitted); *see also
Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (noting that a "plaintiff must provide some
factual basis supporting a meeting of the minds") (citation omitted); *Warren v. Fischl*, 33 F.
Supp. 2d 171, 177 (E.D.N.Y. 1999) (noting that the complaint must "provide some details of
time and place and the alleged effects of the conspiracy" (citation and internal quotations marks
omitted)).

None of the factual allegations required to support a claim of Section 1983 conspiracy
against Defendant Wagner appear in the complaint, which simply alleges in a conclusory fashion
that a group of defendants agreed to act in concert to deprive Mr. Kweller of his constitutional
rights. (Dkt. No. 1 at ¶¶ 296–301). There are no factual allegations indicating that Defendant

Wagner entered into any sort of agreement—explicit or otherwise—with any of the other defendants. There are no allegations regarding any specific, concerted acts Defendant Wagner allegedly undertook as part of the alleged conspiracy. There are no allegations of any overt acts undertaken by Defendant Wagner as part of the alleged conspiracy. The claim should therefore be dismissed with prejudice. *See Garland v. City of New York*, 665 F. Supp. 3d 295, 311 (E.D.N.Y. 2023) (dismissing Section 1983 conspiracy claim in part for failure to "proffer any nonconclusory facts regarding the nature of the conspiracy, Defendant's membership in the conspiracy, or the overt steps taken by any by any of the Defendants in furtherance of that conspiracy").

Mr. Kweller's conspiracy claim, to the extent it asserts an alleged conspiracy between Defendant Wagner and other members of the District Attorney's Office, also fails under the intracorporate conspiracy doctrine. Although the Second Circuit has not specifically addressed the applicability of the intracorporate conspiracy doctrine to a Section 1983 conspiracy claim, district courts within the Circuit have applied the doctrine to such claims. *See Livingston v. Hoffnagle*, No. 19-cv-353, 2019 WL 7500501, at *16–17 (N.D.N.Y. Nov. 8, 2019) (dismissing conspiracy claim pursuant to intracorporate conspiracy doctrine where all defendants were DOCCS employees acting within the scope of their employment); *White v. Cty. of Dutchess*, No. 15-cv-8744, 2016 WL 4449720, at *9 (S.D.N.Y. Aug. 23, 2016) (dismissing Section 1983 conspiracy claim because, as relevant here, there "can be no conspiracy between any of the officer defendants because they are all employed by the City of Poughkeepsie"); *Harrison v. County of Nassau*, No. 15-cv-2712, 2016 WL 4083381, at *3 (E.D.N.Y. Aug. 1, 2016) (finding "that the intracorporate conspiracy doctrine prevents a finding of liability of defendants for participation in a conspiracy to deny plaintiff his constitutional rights"); *Richard v. Dignean*, 126

17

F. Supp. 3d 334, 338–39 (W.D.N.Y. 2015) (applying intracorporate conspiracy doctrine to Section 1983 conspiracy claim). Here, to the extent that the complaint alleges a conspiracy between Wagner and other members of the District Attorney's Office, such a claim is barred by the intracorporate conspiracy doctrine.

For all these reasons, the Section 1983 conspiracy claim against Defendant Wagner must be dismissed with prejudice.

**VII.     Mr. Kweller's claim for emotional distress must be dismissed on multiple grounds.**

A claim for intentional infliction of emotional distress ("IIED") "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.*" Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293, 303 (1983) (quoting Restatement (Second) of Torts § 46, cmt. d).

As a matter of law, the alleged wrongful conduct here (the failure to pick up a folder containing allegedly exculpatory evidence) does not rise to the level of extreme or outrageous conduct that is intolerable in a civilized society. *See, e.g.*, *Green-Page v. United States*, No. 20-cv-837, 2024 WL 3584194, at *14 (W.D.N.Y. July 30, 2024) (dismissing claims for emotional distress because "[t]he execution of a facially valid search warrant with firearms carried or brandished does not rise to this exacting standard."); *see also Sylvester v. City of New York*, 23 Misc.3d 1139(A), at *4 (Sup. Ct. 2009) (concluding that a "lawful arrest" supported by "probable cause" could "not sustain a claim of [IIED]" because the emotional distress described

18

was that "inherent in any police arrest and detention"). The "highly disfavored cause of action" for IIED is "almost never successful," and Mr. Kweller's case is no exception. *McGown v. City of New York*, No. 09-cv-8646, 2010 WL 3911458, at *5 (S.D.N.Y. Sept. 9, 2010).

"To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021). A claim for negligent infliction of emotional distress ("NIED") can proceed under one of two theories: (1) the "bystander" theory or (2) the "direct duty theory." *Werner v. Selene Fin., LLC*, No. 17-cv-6514, 2019 WL 1316465, at *11 (S.D.N.Y. Mar. 22, 2019) (citing *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996)). The bystander theory applies where "the defendant's negligence causes [the plaintiff] to be threatened with serious physical harm and as a result [he] suffers emotional injury from witnessing the death or serious bodily injury of a member of [his] immediate family." *Id.* The direct duty theory applies when plaintiff "suffered an emotional injury from the defendant's breach of a duty which unreasonably endangered her own physical safety." *Id.*; *see also Lancellotti v. Howard*, 155 A.D.2d 588, 589–90 (2d Dep't 1989) ("The circumstances under which recovery may be had [on an NEID claim] for purely emotional harm are extremely limited and, thus, a cause of action seeking such recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiff's physical safety or caused the plaintiff fear for his or her own physical safety."). The complaint does not allege that Mr. Kweller's physical safety was threatened and he saw a family member suffer a serious physical injury. Nor does he plead a breach of duty that

19

"unreasonably endangered" his own physical safety. His NEID claim must be dismissed with prejudice.

Mr. Kweller's claims for IIED and NIED must also be dismissed because both are duplicative of his tort claims. "The New York Court of Appeals has strongly cautioned against allowing emotional distress claims to be brought where other tort remedies are available." *Moore v. City of New York*, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002) (citing *Fischer v. Maloney*, 43 N.Y.2d 553 (1978)). IIED is a "'theory of recovery that is to be invoked only as a last resort,' when traditional tort remedies are unavailable." *Naccarato v. Scarselli*, 124 F. Supp. 2d 36, 44 (N.D.N.Y. 2000) (quoting *EEOC v. Die Fliedermaus, LLC*, 77 F. Supp. 2d 460, 472 (S.D.N.Y. 1999)). Thus, "[i]t is well settled that a "plaintiff seeking damages for an injury resulting from a wrongful arrest and detention may not recover under broad general principles of negligence . . . but must proceed by way of the traditional remedies of false arrest and imprisonment." *Joyner v. County of Cayuga*, No. 20-cv-60, 2020 WL 1904088, at * 10 (N.D.N.Y. Apr. 17, 2020).

Here, Mr. Kweller's claims for emotional distress fall squarely "within the ambit of his claims" for false arrest, falsified evidence, and malicious prosecution; therefore, the emotional distress claims against Defendant Wagner should be dismissed with prejudice. *See, e.g.*, *Delaney v. City of Albany*, No. 18-cv-1259, 2019 WL 125769, at *5 (N.D.N.Y. Jan. 7, 2019) ("The conduct of which Plaintiff complains falls within the ambit of his claims for false arrest and unreasonable search; accordingly, the Court dismisses the related IIED claim."); *Murphy v. City of Rochester*, 986 F. Supp. 2d 257, 271 (W.D.N.Y. 2013) ("[T]he allegedly outrageous conduct complained of by [the plaintiff] falls within the scope of the other traditional torts he has pleaded (i.e., false arrest; malicious prosecution; abuse of process; negligent hiring, supervision and training; and defamation by libel and slander)."); *Yang Feng Zhao v. City of New York*, 656 F.

20

Supp. 2d 375, 405 (S.D.N.Y. 2009) ("In this case the alleged conduct fits well within the traditional tort theories of false arrest, malicious prosecution, and assault and battery. Accordingly, the claim of intentional infliction of emotional distress will not fly.").

### VIII.    Mr. Kweller's state-law claims for false arrest and emotional distress are untimely and must be dismissed.

Mr. Kweller's state-law claims for false arrest and emotional distress must be dismissed with prejudice for the additional reason that they are barred by the applicable statute of limitations.[1]

New York General Municipal Law ("GML") § 50-i provides that an action against a county for "personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such" county or any officer thereof must be commenced "within one year and ninety days after the happening of the event upon which the claim is based." GML § 50-i(1). This one-year-and-ninety-day statute of limitations also applies to claims against individual employees of the municipality who are entitled to indemnification. *See, e.g.*, *Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016) (noting that the one-year-and-ninety-day limitations period applies when "a plaintiff sues the City (or an individual whom the City must indemnify)"); *D'Angelo v. City of Lockport*, No. 19-cv-221, 2023 WL 6810274, at *5–6 (W.D.N.Y. Oct. 16, 2023) (concluding that GML § 50-i applies to claims against police officer in his individual capacity); *Ruggiero v. Phillips*, 292 A.D.2d 41, 44 (4th Dep't 2002) (concluding that GML § 50-i applied to cause of action against municipal officer acting within the scope of his employment and entitled to indemnification); *see also* Broome County Administrative Code § 28-1 (agreeing to "confer the benefits of § 18 of the Public

---

[1] Mr. Kweller's state-law claims should also be dismissed because Plaintiffs failed to plead compliance with the notice of claim requirements set forth in GML § 50-i.

Officers Law upon the employees of Broome County" (internal footnote removed)). Accordingly, Mr. Kweller's state-law tort causes of action, which are asserted against an employee of a municipality acting within the scope of his employment, i.e., Defendant Wagner, are subject to the one-year-and-ninety-day statute of limitations under GML § 50-i.[2]

Here, based on the allegations in the complaint, Mr. Kweller's state-law false arrest claim accrued on February 22, 2022, the date of his arrest. (Dkt. No. 1 ¶ 132); *see Coleman v. Worster*, 140 A.D.3d 1002, 1004 (2d Dep't 2016) (noting that a cause of action for false arrest accrues "upon the individual's release from confinement" (brackets and quotation marks omitted)).[3] Mr. Kweller's emotional distress claims accrued on the "date of injury," *Wilson v. Erra*, 94 A.D.3d 756, 756 (2d Dep't 2012), and therefore accrued no later than May 31, 2023, the date the charges were dismissed against him. (Dkt. No. 1 ¶ 192). With respect to Defendant Wagner specifically, however, because there are no allegations in the complaint that Defendant Wagner took *any* action with respect to Mr. Kweller after January 2022, the emotional distress claims against him more likely accrued in January 2022. The complaint was not filed until March 18, 2025, well past one year and ninety days after either February 22, 2022 and May 31, 2023.

Accordingly, Mr. Kweller's state-law claims for false arrest and emotional distress are barred by the applicable one-year-and-ninety-day statute of limitations and must be dismissed.

---

[2] Without the applicability of GML § 50-i, the claims for false arrest and IIED against Defendant Wagner would be subject to a *shorter*, one-year limitations period. *See* CPLR 215(3) (providing that actions to recover damages for false imprisonment are subject to a one-year limitations period); *Rentas*, 816 F.3d at 226 (IIED claim).

[3] The false arrest claim would be untimely even if it were deemed to have accrued on March 31, 2022, the date of Mr. Kweller's arraignment. (Dkt. No. 1 ¶ 171); *see Watt v. City of New York*, 740 F. Supp. 3d 212, 225 (E.D.N.Y. 2024).

IX.    **Mr. Kweller's claim for violation of the New York State Constitution must be dismissed.**

In the tenth cause of action, Mr. Kweller asserts a claim against Defendant Wagner for violation of Article I §§ 6 and 12 of the New York State Constitution, which protects the rights to due process and to be free from unreasonable searches and seizures. (Dkt. No. 1 at ¶¶ 322–326).

"[D]istrict courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under [Section] 1983." *Talarico v. Port Auth. of N.Y. & N.J.*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) (citation omitted). Thus, "where a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution, any claims brought under the state constitution are ordinarily dismissed." *Id.* at 171–72 (collecting cases). Here, the violations of the state constitution Mr. Kweller alleges can be remedied by his claims brought pursuant to Section 1983, including his false arrest, malicious prosecution, and denial of fair trial claims. *See Rodriguez v. City of New York*, 623 F. Supp. 3d 225, 260 (S.D.N.Y. 2022) (granting motion to dismiss state constitutional claim where the plaintiff "ha[d] an adequate alternative remedy at law" by virtue of a false imprisonment claim).

To the extent the Court independently considers Mr. Kweller's state constitutional claims, they fail for the same reasons set forth above in connection with Mr. Kweller's Section 1983 and other state-law claims.

X.    **Any claims purportedly asserted by Ms. Liberman must be dismissed.**

The complaint does not assert any separately enumerated cause of action on behalf of Ms. Liberman, Mr. Kweller's wife. *See generally* Dkt. No. 1. To the extent Ms. Liberman purports to

assert a derivative loss of consortium claim against Defendant Wagner, however, such claim must be dismissed.[4]

It is well settled that loss of consortium is a "derivative" claim which "does not exist 'independent of the injured spouse's right to maintain an action for injuries sustained.'" *Jordan v. Lipsig, Sullivan, Mollen & Liapakis, P.C.*, 689 F. Supp. 192, 196 (S.D.N.Y. 1988) (quoting *Liff v. Schildkrout*, 49 N.Y.2d 622 (1980)). Thus, to the extent none of Mr. Kweller's state-law claims survives against Defendant Wagner, Ms. Liberman's loss of consortium claim against Defendant Wagner must also be dismissed. *See also, e.g.*, *Baxton v. Artus*, No. 13-cv-6635, 2015 WL 8958773, at *4 (W.D.N.Y. Dec. 15, 2015) (noting that district courts in this Circuit "do not recognize the loss of consortium under § 1983" and collecting cases).

## CONCLUSION

For the foregoing reasons, Jeff Wagner respectfully requests that the Court grant the relief requested herein, together with such other and further relief that the Court deems just and proper.

Dated: June 16, 2025                    Respectfully submitted,

**HANCOCK ESTABROOK, LLP**

By:    _James J. O'Shea_ _____

James J. O'Shea, Esq. (Bar Roll #516403)
Erica L. Masler, Esq. (Bar Roll #703595)
*Attorneys for Defendant Jeff J. Wagner*
1800 AXA Tower I, 100 Madison Street
Syracuse, New York 13202

---

[4] To the extent Ms. Liberman purports to assert the same causes of action as Mr. Kweller based on the same underlying events which allegedly violated *Mr. Kweller's* rights, she lacks standing to do so. *See, e.g.*, *T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*, No. 11-cv-5133, 2012 WL 860367, at *3 (S.D.N.Y. Feb. 27, 2012) ("Section 1983 does not recognize a claim on behalf of one person arising from a violation of another person's rights.") (collecting cases).

24

Telephone: 315-565-4500
joshea@hancocklaw.com

cc: All counsel of record via CM/ECF

4934-8561-5692, v. 1