

200 Old Country Road, Suite 2 South, Mineola, NY 11501/Tel: (516) 788-0375/Fax: (516) 741-3223

January 6, 2025

Hon. Mitchell J. Katz
United States Magistrate Judge
Northern District of New York
VIA ECF

                                          Re: Leor Kweller v. The County of Broome et al
                                          Case No.: 25cv00343(AJB)(MJK)

Dear Judge Katz:
      I am an attorney of record for the plaintiff Leor Kweller in the above matter. I write this letter to request a pre-motion conference pursuant to Local Rule 7.1(a)(2)as I intend to file a motion to extend the time for plaintiff to serve defendant Hailey Demkovich. Earlier today, the Court directed me to file the affidavit of service on Ms. Demkovich related to this matter. See Docket Number 68. When I began to look for the document this evening to comply with the Court's order, I realized that while I had sent a waiver of service to Mr. Edward Kopko, (Ms. Demkovich's attorney in the matter *Yaron Kweller v. The County of Broome*, (24cv1328 NDNY)), as I had to all the other defense counsel in that matter, Mr. Kopko never returned the waiver form. I initially sent the waiver form to him on January 2, 2025, before the summons was even issued. When it was issued on March 18, 2025, I re-sent the waiver form to Mr. Kopko.

      In between those two dates, the defendants in the *Yaron Kweller* matter began filing their motions to dismiss: The County and related parties filed on January 24, 2025;The City of Binghamton and related parties on January 27, 2025; Alyssa Congdon on January 31, 2025; and Michael Korchak and Matthew Loughran on February 3, 2025. Plaintiff moved for a default judgment against Defendant Jeff Wagner in that matter and obtained a default on March 19, 2025; that was vacated on consent and Defendant Wagner then moved to dismiss in July 2025.

      Defendants then moved to dismiss the complaint in this action. On May 13, 2025, Michael Korchak and Matthew Loughran moved to dismiss; on May 15, 2025, The County and related defendants moved to dismiss; on May 19, 2025, The City of Binghamton and related defendants moved to dismiss; on May 19, 2025, Amanda Cronin moved to dismiss; on May 19, 2025, Alyssa Congdon moved to dismiss; and on June 6, 20205, defendant Wagner moved to dismiss.

      In the midst of all that motion practice, I failed to realize that I had never received the waiver form and that therefore, Ms. Demkovich was never served with the summons. I therefore seek to file a letter motion to extend plaintiff's time to serve Ms. Demkovich to January 30, 2025.

I also ask the Court to consider waiving the conference under the circumstances and allow this letter to serve as the letter motion for an extension as well.

Pursuant to FRCP 4(m): If a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In determining whether there was good cause for a plaintiff's failure to serve a defendant within 90 days, a court considers 1) whether the plaintiff made reasonable and diligent efforts to serve the defendant and 2) whether the failure to timely serve prejudiced the defendant. See *Remice v. Zenk*, No. 03 Civ. 286 (CPS) (RML), 2008 U.S. Dist. LEXIS 77312, 2008 WL 4516246, at *5 (E.D.N.Y. Oct. 1, 2008). Here, I did attempt to have Ms. Demkovich's known counsel accept service on her behalf and sent the appropriate waiver forms to him twice. Ms. Demkovich is also not prejudiced by the delay as she will have to litigate the *Yaron Kweller* matter arising out of the same set of facts and has been properly and timely served in that matter. Moreover, at the conference on that case held today, information was provided to Court and counsel that Mr. Kopko will be seeking to be relieved in that action.

In the event the Court feels that good cause was not established herein, and generally speaking, counsel's failure to serve the summons in a timely fashion will not constitute "good cause," district courts have discretion to grant extensions, and may do so even in the absence of good cause. *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)).

Courts considering an extension of time in the absence of good cause weigh "(1) whether statutes of limitations would bar the refiling of this action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the time for service." *DeMott v. Bacilious*, No. 11 Civ. 6966 (PAE), 2012 U.S. Dist. LEXIS 23960, 2012 WL 601074, at *8 (S.D.N.Y. Feb. 24, 2012); *Walters v. Suffolk Cnty.*, No. 09 Civ. 556 (MKB), 2014 U.S. Dist. LEXIS 32577, 2014 WL 940734, at *4-5 (E.D.N.Y. Mar. 11, 2014) (same). Here, as to the first factor while the Federal claims would still be timely if the matter was dismissed, the pendant State claims would be barred by the one year and ninety day statute of limitation which expired on July 1, 2025, since the plaintiff's criminal matter terminated on April 1, 2024. This weighs heavily in favor of granting the motion. *DeMott v. Bacilious* 2012 U.S. Dist. LEXIS 23960 (SDNY 2012)( "[C]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis. This factor is the most significant in the Court's analysis)(internal citations omitted).

The second factor also weighs in favor of an extension in that "[d]efendants have actual notice of the case pending against them," *Hamza v. Yandik*, 2023 U.S. Dist. LEXIS 144925 (NDNY 2023). Ms. Demkovich's lawyer Edward Kopko was emailed the complaint twice, with a request for a waiver of service. Furthermore, it is unlikely that Ms. Demkovich, having answered the *Yaron Kweller* complaint, would not know that his brother would also be filing a similar action. The facts of both claims are identical as they relate to liability, so she also has direct knowledge of the facts involved in this action.

The third factor does not weigh in favor of granting the motion as the defendant did not attempt to conceal service.

The fourth factor weighs in favor of granting the motion as Ms. Demkovich will not be prejudiced by the extension. She will still have to litigate the claims in the *Yaron Kweller* matter, and the federal claims set forth in this action. The witnesses in both cases are essentially the same.

Pleading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome . . . the purpose of pleading is to facilitate a proper decision on the merits." *Knorr v. Coughlin* 159 F.R.D. 5 (NDNY 1994), citing, *United States v. Hougham,* 364 U.S. 310 (1960).

I therefore ask that the Court grant an extension of time, pursuant to FRCP Rule 4(m) and allow plaintiff util January 30, 2025, to serve Ms. Demkovich with the summons and complaint in this matter.

        Sincerely,

        s/Oscar Michelen

        OSCAR MICHELEN

cc: all counsel via ECF